FERGUSON v VILLAGE OF MONTROSE

1. JUDGMENT—SUMMARY JUDGMENT—RES JUDICATA.

A summary judgment is a final judgment capable of barring a second lawsuit where (1) the same matter is in issue, (2) the same parties or their privies are involved, and (3) there was a judgment on the merits.

2. JUDGMENT—SUMMARY JUDGMENT—CONTRACTS—ENFORCEABILITY OF CONTRACT—VALIDITY OF CONTRACT.

A summary judgment favoring the enforcement of a contract necessarily includes a finding that the contract is valid.

3. JUDGMENT—CONTRACTS—RES JUDICATA—ENFORCEABILITY OF CONTRACT.

A summary judgment which favored the enforcement of one section of a contract bars a subsequent action on the remainder of the contract where the claims of fraud, duress, conspiracy and unconstitutionality in the second action go to the enforceability of all sections of the contract.

Appeal from Genesee, Philip C. Elliott, J. Submitted November 4, 1976, at Lansing. (Docket No. 26262.) Decided May 16, 1977.

Complaint by Allan W. Ferguson and Stanley T. Edwards against the Village of Montrose and the Genesee County Drain, Water and Waste Commission challenging the constitutionality of a village ordinance and the validity of a sewer system contract, and for a refund of fees and assessments paid. Accelerated judgment for defendants. Plaintiffs appeal. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 46 Am Jur 2d, Judgments § 394.

73 Am Jur 2d, Summary Judgment §§ 11, 40.

[2, 3] 73 Am Jur 2d, Summary Judgment §§ 4, 5, 7.

*David N. Walsh,* for plaintiffs.

*Leitson, Dean, Dean, Segar & Hart, P. C.* (by *Leonard B. Shulman),* for the Village of Montrose.

*Anthony J. Mansour, P. C.,* for the Genesee County Drain, Water and Waste Commission.

Before: DANHOF, C. J., and M. J. KELLY and D. E. HOLBROOK, JR., JJ.

D. E. HOLBROOK, JR., J. Plaintiffs-appellants are a partnership operating the Riverside Mobile Home Park. The park is situated nearby the village limits of Montrose and the Genesee County sewage processing facility. After the village constructed its own sewage system to reach the county facility, appellants decided to tap in to that system rather than building their own line directly to the county sanitation plant. A contract for the tap-in was arranged. A year later the village amended its ordinance and certain costs and charges changed. This action precipitated negotiations for a new contract superseding the former. The second contract called for payment in three stages plus all usage charges, fees and assessments. Once the sewage system began to operate, the first installment payment was made. Then the partnership did not make any further payment. The village instituted an action to enforce the contract. A summary judgment was entered in the village's favor and the partnership made payment in 1973 pursuant to the court order.

In 1975 plaintiffs commenced the present action in the circuit court. Their complaint encompassed portions of the same sewage system contract, in particular extra assessments. The appellants also claimed that the contract was void or voidable for

the unconstitutionality of the village ordinance. (To wit, the denial of equal protection.) In addition appellants charged that the appellees had coerced them into the contract rendering the contract voidable and prayed that they be returned the amount of money paid in for tap-in fees and extra assessments.

The trial judge first responded to motions for accelerated judgment by the village in the negative presumably believing that the new complaint attacked the contract on the basis of fraud and duress while the earlier case was a summary judgment limited solely to the tap-in fees sections. On rehearing, the trial judge reversed himself and granted appellee's motion for accelerated judgment utilizing the Supreme Court's decision in *Curry v Detroit,* 394 Mich 327; 231 NW2d 57 (1975).

The simple rule of the *Curry* case is that a summary judgment is a final judgment capable of barring a second lawsuit where the proper circumstances occur. First, the same matter is in issue; secondly, the same parties or their privies are involved; and lastly, there was a judgment on the merits. See *Tucker v Rohrback,* 13 Mich 73 (1864). In the instant case, plaintiffs meet the "same parties" criteria. They were individually and collectively named in the first case and even a possible change in the partnership would have rendered them privies. Concerning the "same issues" criteria, the trial judge correctly realized the impact of *Curry.* The first lawsuit on the installment contract related to the enforceability of the contract. The summary judgment favoring the enforcement necessarily includes a finding that the contract was valid. Stated another way, the contract was not based on duress, fraud or unconstitu-

tional motives. If these allegations were true appellants could have just as easily appealed the decision in the original case. We find persuasive a footnote from the *Curry* case citing Justice COO-LEY:

" * * * it is immaterial whether the point was actually litigated in the first suit or not, if its determination was necessarily included in the judgment." *Curry, supra,* 332 n 7, citing *Barker v Cleveland,* 19 Mich 230 (1869).

Lastly, the *Curry* case rightfully resolved the doubt in the trial judge's mind about the effect of a summary judgment on one portion of the installment contract. Appellants argue that barring a subsequent action on the remainder of the contract is wrong because the issues they have raised in the second suit were not fully litigated in the first. Although this argument may have merit in a situation where different contract terms are at issue this approach is without merit here. The claims of fraud, duress, conspiracy and unconstitutionality go to the enforceability of all sections of the contract. We therefore hold that the trial court did not err in finding that *Curry* controls the instant case, thereby barring the second action.

Affirmed. Costs to appellees.

M. J. KELLY, J., dissents.