**In re Barry L. MOON, Debtor.**

**Bankruptcy No. 84–08062.**

United States Bankruptcy Court,
E.D. Michigan, S.D.

June 5, 1990.

Jon T. Warren, for debtor.

Charles A. Forrest, Jr., for Acquisitions, Inc.

Stephen E. Shefman, for Sec. Bank and Trust Co.

## MEMORANDUM OPINION RE: DEBTOR'S MOTION TO AMEND SCHEDULES

ARTHUR J. SPECTOR, Bankruptcy Judge.

On August 17, 1984, Barry L. Moon ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The Debtor received an uncontested discharge on November 19, 1984. The case was closed as a no-asset case on November 30, 1984. On the motion of the Debtor, the case was reopened on April 30, 1985 to allow the Debtor to purchase assets from

the estate. On March 18, 1986, the Clerk sent a notice to creditors that they had until June 18, 1986 to file claims against the estate. Eventually the trustee liquidated corporate stock in Hi–Chief, Inc. by selling it back to the Debtor for $3,500. A small dividend was paid to priority unsecured creditors; general unsecured creditors received nothing. Shortly thereafter, on June 9, 1988, the case was formally closed again.

On October 13, 1989, the Debtor moved to reopen the case once more. This motion was granted on October 18, 1989. The Debtor then moved on December 3, 1989 to amend Schedule A–3 to list certain creditors whom he claimed had previously been "inadvertently omitted from his Chapter 7 Schedules." Paragraph 2 of motion. The motion stated that a proposed amended Schedule A–3 was attached which identified the creditors the Debtor sought to add. However, no such schedule was attached. A certificate of service was attached, indicating that Hi–Chief, Acquisitions, Inc., Maxine Rowley, ROC, Inc. and Security Bank & Trust Company were served with the motion. We therefore assume that the Debtor seeks to amend Schedule A–3 to add these parties as creditors. Security Bank & Trust Company ("Bank") and Acquisitions objected to this relief. The motion and the objections were heard on January 10, 1990. Post-trial briefs were submitted and the Court now issues its findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

The Court has jurisdiction over this contested matter, 28 U.S.C. § 1334, and it is a core proceeding. § 157(b)(2)(A), (I).

It is clear that the amending of the schedules by itself provides no real relief to a debtor. *In re David*, 106 B.R. 126 (Bankr.E.D.Mich.1989). What the Debtor actually seeks is a determination from this Court that the debts he previously omitted from his schedules and now seeks to add were discharged on November 19, 1984 when the Court granted him a discharge.[1]

The objections raise two major issues. First, the Bank claims that even if the schedules are amended to list its claims, the debts would not be discharged on account of 11 U.S.C. § 523(a)(3). That section states:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

.        .        .        .        .

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.

It is obvious that the Bank's claim was neither listed nor scheduled in time to permit it to have timely filed a proof of claim. That being the case, the question to be addressed by the Court would seem to be whether the Bank had actual knowledge of the Debtor's bankruptcy in time for it to file a timely proof of claim. However, the Bank raises another argument which makes consideration of this issue unnecessary.

The Bank cogently argues that the Debtor's claim that he is discharged of his debts to the Bank is precluded by a prior state court judgment. A lawsuit was commenced by the Bank against the Debtor in the Circuit Court for Genesee County on July 1, 1988. In that litigation, the Debtor raised his bankruptcy discharge as an af-

---

1. This issue should have been raised in the form of an adversary proceeding. Bankruptcy Rule 7001(6). No party raised this procedural issue before trial on the merits, however, and it has therefore been disregarded.

firmative defense in bar of the lawsuit. Paragraph 15 of Answer filed September 2, 1988; Paragraph 15 of Answer to First Amended Complaint filed January 27, 1989 and Paragraph 1 of Affirmative Defenses filed January 27, 1989. The Bank countered with a motion for partial summary disposition,[2] alleging "[t]hat there is no genuine issue as to any fact material to Plaintiff's claims against ... BARRY L. MOON ... and Plaintiff is entitled to judgment ... as a matter of law for the following reasons: ... That Plaintiff had no notice of said Bankruptcy proceeding in sufficient time to permit it to participate therein and it was not listed among the creditors of Barry L. Moon in the Bankruptcy petition commencing said proceeding." Paragraph 6 of Motion for Partial Summary Disposition dated August 14, 1989. Appended to the motion were six affidavits, five of them from current or former employees of the Bank, which were all to the effect that the Bank had no knowledge of the Debtor's bankruptcy until May 15, 1988 at the earliest. One such affidavit was from a supervisor in TRW Information Services Division, indicating that its files do not list the Debtor's bankruptcy petition. The Debtor's response to the motion, by his own affidavit, was that he had at least twice since the bankruptcy was filed sought and obtained credit from the Bank and had each time advised the Bank of his bankruptcy. On August 28, 1989, the Circuit Judge granted the Bank's motion, and an Order Granting Plaintiff's Motion For Partial Summary Disposition was entered. On September 18, 1989, the Debtor filed a motion for rehearing before the Circuit Court. This motion was contested by the Bank and was denied by the Circuit Judge on October 13, 1989.[3] The judgment was not appealed.

■ It is well-settled that a federal court's summary judgment issued under F.R.Civ.P. 56 results in both claim preclusion (res judicata) and issue preclusion (collateral estoppel). *See Wright, Miller & Cooper,* Federal Practice and Procedure: Jurisdiction § 4444 (1990).[4] The same holds true for partial summary judgments. *Sun Chemical Corp. v. United States,* 698 F.2d 1203, 1209 (Fed.Cir.), *cert. denied,* 464 U.S. 819, 104 S.Ct. 81, 78 L.Ed.2d 91 (1983). However, the issue here is whether a partial summary disposition under Michigan's MCR 2.116, not a summary judgment issued by a federal court under F.R.Civ.P. 56, precludes a party in a subsequent federal case from litigating the issue decided in the earlier case.

■ Instruction on this question is provided by 28 U.S.C. § 1738, which states that properly authenticated state judicial proceedings "shall have the same full faith and credit in every court within the United States and its Territories and Possessions

**2.** Summary judgment under Michigan practice is now incorporated as one species of a motion for summary disposition. Summary disposition under Michigan Court Rule 2.116 includes what in the federal system would be termed a motion for dismissal under Rule 12 and a motion for summary judgment under Rule 56.

**3.** The order concluded that "there is no support in law for the contention of said Defendant [Moon] that upon the filing of his petition in Bankruptcy in AUGUST of 1984, he was not required to include his obligation to Plaintiff under the Guaranty Agreement attached to Plaintiff's Complaint...."

**4.** *Dowd v. Society of St. Columbans,* 861 F.2d 761, 764 (1st Cir.1988); ("Summary judgment constitutes a final judgment on the merits for purposes of applying res judicata."); *Adkins v. Allstate Ins. Co.,* 729 F.2d 974, 976, n. 3 (4th Cir.1984) ("For purposes of *res judicata,* a summary judgment has always been considered a final disposition on the merits."); *Prakash v.* *American University,* 727 F.2d 1174, 1182 (D.C. Cir.1984) ("As a decision on the merits, a summary judgment merges or bars the action for res judicata purposes."); *Ruple v. City of Vermillion,* 714 F.2d 860, 862 (8th Cir.1983), *cert. denied,* 465 U.S. 1029, 104 S.Ct. 1290, 79 L.Ed.2d 692 (1984); *Stevenson v. Sears, Roebuck & Co.,* 713 F.2d 705, 712 (Fed.Cir.1983); *In re Gottheiner,* 703 F.2d 1136, 1140 (9th Cir.1983); *Weston Funding Corp. v. Lafayette Towers, Inc.,* 550 F.2d 710 (2nd Cir.1977); *Exhibitors Poster Exchange, Inc. v. National Screen Service Corp.,* 517 F.2d 110 (5th Cir.1975), *cert. denied* 423 U.S. 1054, 96 S.Ct. 784, 46 L.Ed.2d 643 (1976); *Hubicki v. ACF Industries, Inc.,* 484 F.2d 519, 524 (3rd Cir.1973); *Associated General Contractors v. Boston Dist. Council of Carpenters,* 642 F.Supp. 1435 (D.Mass.1977); *Smith v. Woodstock, Inc.,* 521 F.Supp. 1263 (N.D.Ill.1981); *In re Falstaff Brewing Corp. Antitrust Litigation,* 441 F.Supp. 62, 66 (E.D.Mo.1977); *see also Crawford v. Zeitler,* 326 F.2d 119, 121 (6th Cir.1974); *Olsen v. Muskegon Piston Ring Co.,* 117 F.2d 163, 165 (6th Cir.1941).

as they have by law or usage in the courts of such State ... from which they are taken." Pursuant to this statute, issues actually litigated in a state court proceeding are entitled to the same preclusive effect in a subsequent federal suit as they enjoyed in the courts of the state where the judgment was rendered. *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); *see also Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986); *Marrese v. American Acad. of Ortho. Surgeons*, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985); *Jaffe v. Grant*, 793 F.2d 1182 (11th Cir.1986), *cert. denied*, 480 U.S. 931, 107 S.Ct. 1566, 94 L.Ed.2d 759 (1987); *Federal Deposit Ins. Corp. v. Eckhardt*, 691 F.2d 245, 247 (6th Cir.1982). The provisions of this statute apply to bankruptcy courts. *Bowers v. Connecticut Nat. Bank*, 78 B.R. 388 (D.Conn.1987), *appeal dismissed*, 847 F.2d 1019 (2nd Cir.1988); *In re Jarrett*, 71 B.R. 123 (Bankr.N.D.Ohio 1987); *In re Eadie*, 51 B.R. 890 (Bankr.E.D.Mich.1985); *In re Byard*, 47 B.R. 700, 12 B.C.D. 1069, 12 C.B.C.2d 387 (Bankr.M.D.Tenn.1985).

■■■ In Michigan, a prior judgment bars a claim in a subsequent action if it was a final judgment rendered on the merits by a court of competent jurisdiction upon the same matter in issue and between the same parties. *Cramer v. Metropolitan Savings Ass'n*, 136 Mich.App. 387, 357 N.W.2d 51 (1984); *see also In re Silver Mill Frozen Foods, Inc.*, 32 B.R. 783 (Bankr.W.D.Mich.1983); *In re Bancroft Dairy, Inc.*, 10 B.R. 920 (Bankr.W.D.Mich. 1981).[5] Michigan also holds that "[a] summary judgment is a final judgment capable of barring a second lawsuit where the proper circumstances occur. First, the same matter is in issue; secondly, the same parties or their privies are involved; and last-

ly, there was a judgment on the merits." *Ferguson v. Montrose*, 75 Mich.App. 596, 598, 255 N.W.2d 700 (1977); *Curry v. City of Detroit*, 394 Mich. 327, 231 N.W.2d 57 (1975).[6] Based on the foregoing authorities, then, four conditions appear to be essential to a finding of claim preclusion under Michigan law: (1) the prior judgment must be entered by a court of competent jurisdiction; (2) the identical parties (or their privies) must be involved in both proceedings; (3) the same issue must be involved in both proceedings; and (4) the prior judgment must be a final judgment on the merits.

■■■ Turning to the first of these conditions, the Circuit Court was clearly a court of competent jurisdiction to issue a judgment on the debt. In order to do so, it had to pass on the defense of bankruptcy discharge. State courts have jurisdiction to determine the dischargeability of a debt under § 523(a)(3).[7] *In re David*, 106 B.R. at 130; *In re Mendiola*, 99 B.R. 864, 868, n. 6, 19 B.C.D. 440 (Bankr.N.D.Ill.1989); *In re Anderson*, 72 B.R. 495, 497–98 (Bankr.D. Minn.1987); *In re Coppi*, 75 B.R. 81 (Bankr.S.D.Iowa 1987); *In re Dabbs*, 72 B.R. 73 (Bankr.N.D.Ala.1987); *In re Iannacone*, 21 B.R. 153, 9 B.C.D. 571 (Bankr. D.Mass.1982); 3 *Collier on Bankruptcy*, ¶ 523,13[9] (15th ed.1989). Thus the first condition for claim preclusion is met.

The Bank and the Debtor, the principal parties to the current litigation, were also parties to the prior litigation. Therefore, the second condition is satisfied.

The cause of action in the state court was the determination of the Debtor's debt to the Bank. That is in essence what is at issue here. Thus, the third condition is met.

The only condition to which the Debtor takes issue is whether the partial summary

---

**5.** The federal courts apply a similar standard. *See, e.g., In re Justice Oaks, II, Ltd.*, 898 F.2d 1544, 1550 (11th Cir.1990).

**6.** In *Liberty Mut. Ins. Co. v. Vanderbush Sheet Metal Co.*, 512 F.Supp. 1159 (E.D.Mich.1981), Judge Feikens recognized the rule, but held that the case was not within it because the state court judge had inexplicably added the words "without prejudice" to the summary judgment

entered. Under Michigan law, "without prejudice" meant that the judgment was not preclusive.

**7.** Even were the non-dischargeability issue tried by the state court within the exclusive jurisdiction of this Court, 28 U.S.C. § 1738 might still apply. *Marrese*, 470 U.S. at 380–81, 105 S.Ct. at 1331–32.

disposition constitutes a final judgment. The finality of judgments in Michigan courts is governed by MCR 2.604. That rule states as follows:

(A) When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct entry of a final judgment on one or more but fewer than all the claims or parties, but only on an express determination that there is no just reason for delay.

(B) Absent an express determination an order or other form of decision adjudicating fewer than all the claims, or the rights and liabilities of fewer than all the parties, does not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision before entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The Order for Partial Summary Disposition dated August 28, 1989 specifically stated "that there is no just reason for delay in the entry of such judgment." Pursuant to MCR 2.604(A), the Circuit Judge determined that the order for partial summary disposition was a final judgment. The state courts of Michigan are thus bound under MCR 2.604 to preclude re-litigation of the dischargeability issue, as is this federal court. All of the conditions for claim preclusion are therefore satisfied and we accordingly conclude that the Debtor may not re-litigate the issue of whether his debt to the Bank is dischargeable.

## DECISION ON THE MERITS

■ Even if this issue were to be determined on the merits, we would hold that

the Debtor is not entitled to the relief which he seeks. As the movant, the Debtor must prove that his failure to list the omitted creditors was inadvertent. However, his testimony in this regard was confusing and self-contradictory. He stated that, for reasons which remain unclear to the Court, the manner in which the documentation for the debts was obtained led him to believe that he had no duty to list the debts. At another point in his testimony, the Debtor indicated that he did not even know that he had signed the guarantees giving rise to the debts. He also stated that he had experienced memory lapses due to unspecified mental problems.

Suffice to say, we find these explanations to be unconvincing. No corroborating evidence was offered regarding the Debtor's mental faculties during the relevant time period. Given the Debtor's background and experience as an attorney, we find it implausible that the Debtor did not know he owed the Bank an obligation of some sort (even if "merely" contingent) when he filed the petition for relief in August, 1984.[8] In short, the Debtor simply failed to show to the Court's satisfaction that he inadertently omitted these creditors.[9] Accordingly, his motion to add the Bank, Hi–Chief, ROC, Maxine Rowley and Acquisitions, must be denied.

For the reasons stated herein, an order denying the Debtor's motion will be entered.

8. It is worth noting that the Debtor, individually and/or through a corporation he controlled, continued to incur credit from the Bank after filing for bankruptcy. This ongoing business relationship created a strong incentive for concealing the fact of the Debtor's bankruptcy from the Bank, and thus further undermines the credibility of the Debtor's testimony in this regard. *Compare In re Clapp,* 103 B.R. 126 (Bankr.E.D. Mich.1989).

9. Indeed, even the nature of the Debtor's obligations to certain of these creditors was not made entirely clear at trial. ROC seeks indemnity from the Debtor against a claim by the

Bank arising from a loan to ROC which was guaranteed by the Debtor. Hi–Chief may have a similar right of indemnity relating to a debt owed to the Bank that was guaranteed by the Debtor. Although Maxine Rowley and Acquisitions also appear to be connected somehow to the dispute between the Bank and the Debtor, the connection was never clarified at trial. However, it was disclosed in post-trial argument that whatever debt the Debtor may owe to Acquisitions was incurred post-petition, and would therefore not be subject to the Debtor's discharge.