**In re James Jackson McRAE and Rita Joyce McRae, Debtors.**

**Bankruptcy No. 89–08067–H3–11.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Sept. 23, 1994.

The Liquidating Trustee and Richmond Production Credit Association ("RPCA") bring this "Motion to Compel Debtors to Pay Taxes" (Docket No. 185) seeking an order from the Court that the Debtors ("McRae") pay taxes on all post-petition income except that which was turned over to the Trustee or used to benefit the Estate (Docket No. 222). The RPCA also requests that the Liquidating Trustee be permitted to prepare and file all returns for post-petition, pre-confirmation tax years (Docket No. 222).

After considering the pleadings, evidence, and arguments of counsel, the court makes the following Findings of Fact and Conclusions of Law and enters a separate Amended Judgment in conjunction herewith. To the extent any Findings of Fact herein are construed to be Conclusions of Law, they are hereby adopted as such. To the extent any Conclusions of Law herein are construed to be Findings of Fact, they are hereby adopted as such.

Julie Koenig, Houston, TX, for debtors.

J.A. Compton, Liquidating Trustee, Houston, TX.

Carol B. Reeve, Houston, TX, for U.S. I.R.S.

Joanne Vorpahl, Porter & Hedges, Houston, TX, for Richmond Production Credit Assoc.

## AMENDED MEMORANDUM OPINION

LETITIA Z. CLARK, Bankruptcy Judge.

On June 24, 1994 this court rendered a Memorandum Opinion and Judgment which was entered on June 27, 1994 (Docket Nos. 232 & 233) wherein certain findings of fact and conclusions of law were made and a Judgment issued denying without prejudice the Motion to Compel Debtors to Pay Taxes (Docket No. 185). Thereafter, the United States of America filed a Motion to Alter or Amend Judgment and Memorandum Opinion (Docket No. 236) which this court grants in part and denies in part, amending the original Memorandum Opinion and Judgment. The following amended findings of fact and conclusions of law and separate Amended Judgment entered concurrently supersedes the Memorandum Opinion and Judgment at Docket Nos. 232 & 233.

James and Rita McRae filed a Chapter 11 petition on November 3, 1989. From that time until the appointment of the Liquidating Trustee in November, 1992 the McRaes acted as Debtors-in-Possession. In November, 1990 McRae sold certain real property and received a down payment and installment note calling for annual installment payments to be made in November of each year. The November, 1991 installment payment was received by the McRaes as Debtors-in-Possession. RPCA was appointed as Liquidating Trustee on October 16, 1992 (Docket No. 136).

RPCA contends that the Debtor-in-Possession "wrongfully misappropriated" the November, 1991 installment to pay personal living expenses and did not apply the funds for the benefit of the Estate (Docket No. 222). Debtors contend that the installment payment received by them in November, 1991 as Debtors-in-Possession was "utilized in the ordinary course of the Chapter 11 proceeding" (Docket No. 194).

The issue presented concerns which party should bear the income tax liability for the installment payment received by the McRaes in November, 1991, as well as liability for ad

valorem taxes to the date of sale of property of the estate. Should it be the Debtors as a personal liability; should it be the Debtors as Debtors–in–Possession; or should it be the Liquidating Trustee? The answer to this question requires a determination of fact as to the disposition of the November, 1991 installment payment.

 Before the Court can address the factual and legal issues in this case, there is a procedural issue to be addressed. This action was brought through a "Motion to Compel" by the Liquidating Trustee. Per Bankruptcy Rule 7001(1) this type of action should be brought as an adversary proceeding. Where "the character of the action is to determine entitlement to money or property . . ." the action must be treated as an adversarial proceeding. *In re Benson,* 64 B.R. 128 (W.D.Mo.1986). Here the Liquidating Trustee is attempting to prove that the Debtor is liable for the payment of taxes related to the sale of certain property. The controversy is essentially the entitlement to money and therefore Rule 7001(1) is applicable and the Trustee should proceed through the course of an adversary proceeding as opposed to motion practice. Some courts have held that in the absence of objection from the parties on the procedural issue, the court will disregard the issue and "resolve [the] dispute, rather than delay its adjudication, and proceed to merits" *In re Roberts,* 103 B.R. 396 (N.D.N.Y.1988); *see also, In re Moon,* 116 B.R. 75 (E.D.Mich.1990) and *In re Klingbeil,* 119 B.R. 178 (D.Minn.1990). This court has addressed the merits.

 The Liquidating Trustee relies on *Holywell v. Smith,* 503 U.S. 47, 112 S.Ct. 1021, 117 L.Ed.2d 196 (1992) for the proposition that "a liquidating trustee who receives all or substantially all of the individual debtor's Chapter 11 estate is required to file returns and pay taxes for income generated after the confirmed plan creates the trust," (emphasis added). He argues that since the tax liability as to the November, 1991 payment was generated prior to his appointment in October, 1992, he (and the estate) are not responsible for that tax liability.

In this context it is useful to note a similarity in the facts of *Holywell* and the instant case. In *Holywell* the asset generating the contested tax liability was actually sold prior to the appointment of the liquidating trustee, as in the present case. However, in *Holywell* the trustee was appointed before the tax year in which the transaction took place was completed, while in the instant case the trustee was appointed after the close of the tax year in which the taxable event (receipt of the November, 1991 payment) took place.

The Supreme Court in *Holywell* purposefully did not address this issue, as the Court noted that "[t]he United States is not seeking from the trustee any taxes that became due prior to his appointment." *Holywell* at 58, 112 S.Ct. at 1027. See also brief of the Solicitor General. *Holywell,* Reply Brief for the United States, October 16, 1991, at para. 3a. *Holywell Corp. v. Smith,* 503 U.S. 47, 112 S.Ct. 1021, 117 L.Ed.2d 196 (1992). The Liquidating Trustee in the instant case recognizes his responsibility for tax liability incurred subsequent to his appointment but questions his liability for taxes incurred prior to his appointment.

 In light of *Holywell,* the Liquidating Trustee is a "fiduciary," and is required by Section 6012(b)(4) of the Internal Revenue Code to file returns for the estate. Section 6151(a) requires the Liquidating Trustee to pay taxes on all the property "assigned" to him.

 The Eighth Circuit in *In re Bentley,* 916 F.2d 431 (8th Cir.1990) has held that a liquidating trustee, should be responsible for taxes on gains realized and interest income received by the trustee. (emphasis added). This Court finds that the non-operating trustee of a bankrupt is liable for taxes on the bankrupt's income generated by estate property and *used for the benefit of the estate, provided* the trustee has possession of, or title to, substantially all the bankrupt's property.

The tax liability generated from the receipt of the installment payments from the sale of land should be calculated based on the "installment sales method" articulated in Internal Revenue Code Section 453(a). The portion of income from the sale that is includ-

ed in gross income for a particular taxable year is the total payment received in that year multiplied by the gross profit ratio. Internal Revenue Code Section 453(c). The liability for property, ad valorem and other taxes related to the sale should also be pro-rated on the basis of benefit received.

Accordingly, this court finds that the controlling question is, whether the estate and the Trustee received the benefit of the November, 1991 installment payment received by the Debtors-in-Possession. If the estate did receive the benefit of this payment, then the Liquidating Trustee as "assignee" of "all" or "substantially all" of the assets of the estate should be responsible for payment of any tax liability out of the assets of the estate assigned to him. If, on the other hand, the Debtors received the benefit of the installment payment personally and did not apply the funds to the benefit of the estate, the Debtors should be held personally liable for the tax burden as to that installment.

■ Where an agent receives and misappropriates funds for his own use, there is no constructive receipt by the principal because the agent is not acting on behalf of the principal. *Rossi v. Commissioner*, 41 B.T.A. 734 (1940). Applying this principle to the relation between the debtor-in-possession and the estate, where the debtor-in-possession abuses his fiduciary duty to the estate by misappropriating funds intended for the use of the estate, the estate does not have constructive receipt of those funds. The gross income to the McRaes personally includes "amounts misappropriated from another person's funds, even if the funds were to be held by the taxpayer as a trustee." *Gowan v. Commissioner*, T.C. Memo 1975–124, 1975 WL 2756 (May 5, 1995).

Debtors sold the subject land with Bankruptcy Court approval pursuant to Section 363 of the Bankruptcy Code in November of 1990 (Docket No. 33). The critical fact issue is the disposition of the annual installment payment received by the Debtors–in–Possession in November, 1991. Neither party presented evidence sufficient to enable this court to reach a conclusion as to the disposition of the November, 1991 payment.

■ If the proceeds from the installment sale received by the Debtor–in–Possession were not:

1) transferred to the Liquidating Trustee;
2) used to pay creditors of the estate;
3) used in the operation of the business of the estate (11 U.S.C. § 1108); or
4) used to pay administrative expenses of the estate (11 U.S.C. § 503);

then the estate cannot be said to have received the benefit of this payment, and the remaining estate which was "assigned" to the Liquidating Trustee cannot be said to have included these funds. Therefore, the Liquidating Trustee would not be responsible for the tax liability on the November, 1991 installment payment received by the Debtor–in–Possession from the installment sale. Trustee does not dispute that he is responsible for paying income taxes on the installment payments received after he was established as trustee.

The Liquidating Trustee testified credibly that James McRae had attempted to obtain from the purchasers of the subject real property, payment to himself of the November, 1992 installment payment, and that it took considerable effort by the Trustee to gather this payment for the estate. He further testified credibly that James McRae had been difficult and obstructionistic in his dealings with the Liquidating Trustee, and had refused to file any returns for the estate for the period during which McRae was the Debtor-in-Possession, and a fiduciary. The Liquidating Trustee further testified that the returns that McRae had filed personally for the 1990 and 1991 tax years had been inadequate and were the subject of inquiries from the IRS. The Trustee is by profession a Certified Public Accountant, this Court found him highly competent and credible, and his testimony is accepted by the court as that of an expert in the field of public accounting.

In light of the Liquidating Trustee's uncontradicted testimony, the Trustee is authorized in accordance with his request, to file returns for the estate for the years in which the McRaes failed to do so. However, in light of the discussion above regarding actual liability for taxes on the income represented

by the November, 1991 payment received and kept by the McRaes, the Liquidating Trustee, not having met his burden of proof as to the misappropriation of funds in question, remains responsible as a fiduciary for the tax liability. The Liquidating Trustee's liability cannot be accurately determined until tax returns are properly completed for the estate for all relevant periods. Therefore, liability will be abated until such time.

The Motion to Compel Debtors to Pay Taxes (Docket No. 185) is denied without prejudice and a separate Amended Judgment will be entered in conjunction herewith.

### ORDER

Came on for consideration the United States of America's Motion to Alter or Amend Judgment and Memorandum Opinion (Docket No. 236) and after review of Richmond Production Credit Association, in Receivership's Response (Docket No. 238) to the Motion, it is hereby

ORDERED that the United States of America's Motion to Alter or Amend Judgment and Memorandum Opinion (Docket No. 236) is granted in part and denied in part; it is further

ORDERED that the original Memorandum Opinion and Judgment (Docket Nos. 232 & 233) entered on June 27, 1994 is amended by the court and superseded by the Amended Memorandum Opinion and Amended Judgment signed concurrently herewith.

### AMENDED JUDGMENT

Based on the separate Amended Memorandum Opinion signed this same day, it is hereby

ORDERED that the Motion to Compel Debtors to Pay Taxes (Docket No. 185) is denied without prejudice; it is further

ORDERED that the Liquidating Trustee is authorized to file tax returns on behalf of the estate for the years in which Debtors failed to do so while they were Debtors-in-Possession. The Liquidating Trustee as fiduciary is responsible for the payment of taxes for the tax years (in this case calendar years) which were completed after the filing of the bankruptcy petition and before his

appointment as Liquidating Trustee upon completion of all relevant tax returns for the estate.