# STATE OF MICHIGAN

# COURT OF APPEALS

---

ALBERT SPRAGUE,

        Plaintiff-Appellant,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, MICHAEL R.
STILLMAN, MIMI D. KATISH, JOHN D.
WHITTY, LISA WALKER, KRISTA COTTER-
RANTA, JAY LAZAR, MARVIN JENNINGS,
JR., RENEE V COOPER, DAWNMARIE OZOG,
SCOTT A. DICIUS, FREDERICK W. JENSEN,
JR., and STILLMAN LAW OFFICE,

        Defendants-Appellees.

UNPUBLISHED
September 10, 2015

No. 323720
Allegan Circuit Court
LC No. 14-053447-NO

---

Before: BOONSTRA, P.J., and MURPHY and MARKEY, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's August 20, 2014 order granting all defendants summary disposition pursuant to MCR 2.116(C)(7) and (C)(8), and the trial court's September 10, 2014 order denying plaintiff's motion for reconsideration. We affirm.

Plaintiff owned and operated an uninsured motor vehicle that was involved in an accident on September 20, 2009.[1] Defendant State Farm Mutual Automobile Insurance Company (State Farm) insured the other vehicle involved in the accident and paid to or on behalf of its insured personal injury protection benefits (PIP) and property damage the sum of $12,277. In December 2010, State Farm, as the subrogee of its insured, sued plaintiff in 57th District Court seeking

---

[1] MCL 500.3101(1) provides in part: "The owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance."

-1-

reimbursement of the payments it made as a result of the accident.[2]  The district court eventually granted State Farm summary disposition and entered judgment in its favor against plaintiff in the amount of $12,887.98. [3]  In November 2013, the circuit court denied, as untimely, plaintiff's effort to appeal the district court judgment.[4]  In May 2014, plaintiff filed the instant civil action against State Farm, its attorney in the subrogation action, Stillman Law Office (Stillman), and various named individuals alleged to have some connection to Stillman.[5]

Plaintiff appeared in pro per in all the related lower court proceedings and represents himself in the instant lawsuit, which seeks $6,000,000 in compensatory and punitive damages. The underlying factual basis of plaintiff's claims center on Stillman's attachment of a copy of the State of Michigan Traffic Crash Report, commonly referred to as a UD-10, that police investigating the September 20, 2009 automobile accident completed as required by MCL 257.622.  Plaintiff asserts that defendants use of the UD-10 [6] in the subrogation proceeding was unlawful under the terms of MCL 257.624(1), which provides: "A report required by this chapter shall not be available for use in a court action, but a report shall be for the purpose of furnishing statistical information regarding the number and cause of accidents."  In addition to containing the police officer's opinion that plaintiff "failed to yield," plaintiff asserts the UD-10 contained inadmissible evidence that plaintiff did not have insurance, citing MRE 411.[7]  From this, plaintiff

---

[2] See MCL 500.3177(1), which provides in part: "An insurer obligated to pay personal protection insurance benefits for accidental bodily injury to a person arising out of the ownership, maintenance, or use of an uninsured motor vehicle as a motor vehicle may recover such benefits paid and appropriate loss adjustment costs incurred from the owner or registrant of the uninsured motor vehicle or from his or her estate."

[3] *State Farm Mut Auto Ins Co, subrogee of Audrey Batts v Sprague*, judgment entered September 12, 2011 (Docket No. 10-4354-GC).

[4] *Sprague v State Farm Mut Auto Ins Co*, unpublished order of the Allegan Circuit Court dated November 22, 2013 (Docket No. 13-52397-AV).

[5] The circuit court's order granting all defendants summary disposition also quashed service of process on Stillman and the named individuals.

[6] These reports are also referred to as "red-line" reports.  See *Moncrief v Detroit*, 398 Mich 181, 191; 247 NW2d 783 (1976).

[7] MRE 411 provides: "Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully."  But the "rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, if controverted, or bias or prejudice of a witness." *Id*.  Under its plain terms, MRE 411 does not preclude the admission of evidence regarding insurance when relevant to a proper purpose.  See *Howard v Kowalski*, 296 Mich App 664, 676 n 2; 823 NW2d 302 (2012), rev'd on other grounds 495 Mich 982 (2014); *Cogo v Moore*, 119 Mich App 747, 755; 327 NW2d 345 (1982).  In the subrogation action, the fact that plaintiff lacked insurance was relevant to show plaintiff did not enjoy the limited immunity from tort liability afforded to those who maintain required security.  See MCL 500.5135; *Stephenson v Associated Gen Ins Co*, 148 Mich App 1, 5; 384 NW2d 62 (1985)("The

-2-

asserted claims for money damages alleging that defendants in the subrogation action conspired to defraud him and the district court, to deprive him of his right to due process by somehow creating bias on the part of the district court judge, and also committed other misconduct.

Arguments on State Farm's motion for summary disposition, which Stillman concurred with, were heard by the trial court on August 4, 2014.[8]  According to plaintiff, defendants committed fraud by the unlawful attachment of the UD-10 and not informing the district court that the attachment was unlawful.  Plaintiff argued that defendants attaching the UD-10 to the subrogation complaint fraudulently elicited his answer in that case that plaintiff did not maintain insurance.  Plaintiff further argued that "fraud unravels everything."

State Farm argued that plaintiff's claims regarding the district court action must be asserted in that court or on direct appeal, not in a collateral independent action.  Further, plaintiff's claims lacked merit.  According to State Farm, proof of plaintiff's negligence was not necessary to its claim to recover PIP payments under MCL 500.3177, only that plaintiff lacked insurance, which plaintiff admitted in his answer to the subrogation action.  And, State Farm asserted the UD-10 served merely to place plaintiff (the subrogation defendant) on notice of the pertinent underlying transaction.[9]

The trial court noted that all of plaintiff's claims revolved around the UD-10, but that it was never admitted into evidence in the subrogation case.  Rather, the UD-10 was part of the pleadings in that case.  The court ruled summary disposition was not appropriate under MCR 2.116(C)(10) because discovery had not been conducted.  But the trial court ruled summary disposition should be granted to all defendants under MCR 2.116(C)(7) because plaintiff's claims "are barred by the prior actions."  In doing so the trial court applied the doctrine of res judicata.  The court ruled the issue of the UD-10 was raised in the subrogation case, and, in particular, asserted in plaintiff's appeal of the district court judgment.  This was a final judgment on the merits.  Second, the court ruled that the subrogation case and the instant case "involve the same parties or their privies."  Finally, the court ruled that the issue of the UD-10 could have been resolved in the subrogation action or the appeal from the judgment.  In this regard, the trial court noted it could not apply a different standard because plaintiff represented himself, and his appeal was untimely.  On this basis, the court granted summary disposition to all defendants.

_____

uninsured motorist is outside the basic no-fault system of allocating the costs of accidents and remains, therefore, subject to tort liability.").  Plaintiff's lack of insurance was also directly relevant to State Farm's claim to recover PIP benefits it paid.  MCL 500.3177; *Citizens Ins Co of America v Buck*, 216 Mich App 217, 222; 548 NW2d 680 (1996).

[8] Stillman's motion to quash service was also heard and granted.  Plaintiff has not presented a question on appeal regarding that decision and therefore any issue with respect to it is abandoned.  *Caldwell v Chapman*, 240 Mich App 124, 132; 610 NW2d 264 (2000).

[9] State Farm cites in support of this argument MCR 2.113(F), which clearly does not apply because State Farm's claim was not based on the UD-10 but rather on the fact that plaintiff was uninsured and at fault in the accident which resulted in State Farm's paying its insured PIP benefits.

The trial court also ruled that granting summary disposition to defendants was proper under MCR 2.116(C)(8). Without extensive reasoning, the court stated plaintiff had not stated a claim "under which relief can be granted." Thus, the trial court granted all defendants summary disposition pursuant to MCR 2.116(C)(7) and MCR 2.116(C)(8). Plaintiff now appeals by right.

## I. STANDARD OF REVIEW

This Court reviews de novo the trial court's grant or denial of summary disposition, to determine whether the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A trial court's decision under MCR 2.116(C)(7) is also reviewed de novo. *Washington v Sinai Hosp of Greater Detroit*, 478 Mich 412, 417; 733 NW2d 755 (2007). Further, whether the doctrine of res judicata bars a claim is a question of law reviewed de novo on appeal. *Id*. When reviewing a motion under MCR 2.116(C)(7), the allegations in the complaint must be accepted as true unless contradicted by the parties' submissions. *Patterson v Kleiman*, 447 Mich 429, 434 n 6; 526 NW2d 879 (1994).

Summary disposition may also be granted on the ground that the opposing party has failed to state a claim on which relief can be granted. MCR 2.116(C)(8); *Henry v Dow Chem Co*, 473 Mich 63, 71; 701 NW2d 684 (2005). A motion under this rule tests the legal sufficiency of a claim by the pleadings alone and may not be supported with documentary evidence. *Patterson*, 447 Mich at 432. All factual allegations in support of the claim are accepted as true and are construed in the light most favorable to the nonmoving party. *Maiden*, 461 Mich at 119. The motion may be granted only when a claim is clearly unenforceable as a matter of law, and no factual development could possibly justify recovery. *Id*.; *Gorman v American Honda Motor Co*, 302 Mich App 113, 131-132; 839 NW2d 223 (2013).

Whether a person has been denied due process of law presents a legal question that is reviewed de novo. *Reed v Reed*, 265 Mich App 131, 157; 693 NW2d 825 (2005). Due process is a flexible concept, requiring notice of the nature of the proceedings and an opportunity to be heard in a meaningful time and manner by an impartial decisionmaker. *Id*. at 159; *Crampton v Dept of State*, 395 Mich 347, 351; 235 NW2d 352 (1975).

## II. ANALYSIS

### A. RES JUDICATA

In Michigan, the doctrine of res judicata bars "not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Washington*, 478 Mich at 418, citing *Adair v State*, 470 Mich 105, 121; 680 NW2d 386 (2004). The doctrine of res judicata bars a subsequent action when "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Id*. at 121. In addition, the prior action must also have been a final decision. *Richards v Tibaldi*, 272 Mich App 522, 531; 726 NW2d 770 (2006). A judgment entered after the granting of a motion for summary disposition, unless modified or reversed on direct appeal, is a final judgment capable of barring a second lawsuit if the other requisites of res judicata apply. *Curry*

*v Detroit*, 394 Mich 327, 332; 231 NW2d 57 (1975); *Ferguson v Village of Montrose*, 75 Mich App 596, 598; 255 NW2d 700 (1977).

There is no dispute that the subrogation action was decided on its merits, involved the same parties as the parties in the instant action or their privies, and that the prior judgment became final after plaintiff's direct appeal failed. *Curry*, 394 Mich at 332. The only question regarding the application of res judicata to bar plaintiff's claims in the instant case is whether the two actions arose from the same transaction so that plaintiff in the exercise of reasonable diligence, could have, but did not raise them in the prior action. *Washington*, 478 Mich at 418; *Adair*, 470 Mich at 121. Whether actions arise from the same transaction depends on the relationship of the facts in time, space, origin or motivation, and whether they form a convenient trial unit. *Adair*, 470 Mich at 125. Because plaintiff's claims in the instant case and the subrogation case arise out of a single motor vehicle action and its investigation, as well as the payment of insurance benefits because of the accident and reimbursement for those payments, a strong argument can be made that the two actions arise from the same transaction. See, e.g., *Begin v Mich Bell Tel Co*, 284 Mich App 581, 601-603; 773 NW2d 271 (2009), overruled in part on other grounds *Admire v Auto-Owners Ins Co*, 494 Mich 10, 34; 831 NW2d 849 (2013).

In *Begin*, the plaintiff brought an action for no-fault benefits against his employer, a self-insurer, and the employer's contract claims manager. The no-fault action was settled, and a consent judgment entered that reserved the defendants' right to appeal certain issues. *Begin*, 284 Mich App at 585-586. After entry of judgment in the first case, the plaintiff initiated a new lawsuit asserting several "theories of liability arising out of [the] defendant's handling of plaintiff's benefits claims, [10] including intentional infliction of emotional distress, invasion of privacy-trespass, and claims regarding the method of payment for attendant care expenses under theories of breach of contract, promissory estoppel, and statutory construction." *Id*. at 584. This Court found the pertinent transaction for purposes of applying res judicata was the defendants' adjustment and payment of no-fault benefits arising out of the plaintiff's motor vehicle accident. *Id*. at 602. This Court concluded the plaintiff's claims in the new lawsuit were barred because in the exercise of reasonable diligence, the plaintiff could have raised them in the first lawsuit. *Id*. at 603-606. That the plaintiff was unaware of pertinent facts about the new claims until after judgment entered did not prevent the application of res judicata. *Id*. at 606.

Similarly, the Court in *Ferguson* concluded that res judicata barred a second lawsuit asserting claims that could have been brought in a first lawsuit. In that case, the defendant village brought a contract action against the plaintiff concerning connecting to its sewer system. Judgment was entered in the village's favor in 1973. *Ferguson*, 75 Mich App at 597. In 1975, the plaintiff brought a lawsuit asserting that the contract was void or voidable because the village ordinance on which it was based was unconstitutional and asserting that the plaintiff had been coerced to enter the contract rendering it voidable. *Id*. at 597-598. This Court affirmed the trial court's dismissal of the second lawsuit on the grounds of res judicata. The plaintiff's claims of fraud, duress, conspiracy and unconstitutionality all went to the enforceability of the contract, so

---

[10] The defendant was paying the plaintiff both no-fault and worker's compensation benefits.

they could have been resolved in the first lawsuit. *Id*. at 599. Likewise, in this case, all of plaintiff's claims relate to the enforceability of State Farm's subrogation claim and could have been resolved in that lawsuit. *Washington*, 478 Mich at 418; *Adair*, 470 Mich at 121.

Plaintiff's only arguments regarding res judicata are (1) that his appeal of the subrogation matter did not include all of the claims he now asserts in this lawsuit and (2) that "fraud vitiates everything it touches." Neither of these arguments has merit. While proof of actual fraud might be grounds for the court that entered the judgment to grant relief, MCR 2.612(C)(1)(c), it does not prevent the application of res judicata where the claim could have been asserted during the first lawsuit. *Adair*, 470 Mich at 121; *Ferguson*, 75 Mich App at 599. Similarly, plaintiff's failure to assert all his present claims in his direct appeal does preclude their being barred by res judicata. *Washington*, 478 Mich at 418; *Curry*, 394 Mich at 332.

## B. FAILURE TO STATE A CLAIM

The trial court also correctly granted defendants summary disposition under MCR 2.116(C)(8) because plaintiff's complaint failed to state a claim on which relief can be granted.

First, plaintiff failed to state an actionable claim of fraud, which requires proof that (1) the defendant made a material representation (2) that was false; (3) the defendant knew that the representation was false, or made it recklessly, without knowledge of its veracity; (4) the defendant made the representation intending that the plaintiff would act on it; (5) the plaintiff acted in reliance on the misrepresentation, and (6) thereby suffered damage. *M & D, Inc v McConkey*, 231 Mich App 22, 27; 585 NW2d 33 (1998). There can be no fraud without a false representation. *Id*.; *Hord v Environmental Research Inst (After Remand)*, 463 Mich 399, 404; 617 NW2d 543 (2000). Plaintiff bases his claim of fraud on the attachment of a UD-10 accident report to State Farm's subrogation complaint. But plaintiff does not allege that the UD-10 was in any way forged, false, or altered, so that its attachment to the subrogation complaint by itself could not be a false statement or misrepresentation. Rather, plaintiff asserts the UD-10 itself was inadmissible evidence under MCL 257.624(1) and contained evidence regarding plaintiff's lack of insurance excludable under MRE 411.[11] While plaintiff disputed the officer's statement in the UD-10 that plaintiff "did not see" the other vehicle, he does not allege any falsehood regarding the UD-10's material statements that (1) plaintiff turned left in front of the other vehicle and (2) that plaintiff did not have insurance. Indeed, in his answer to the subrogation complaint, plaintiff essentially admitted these two material facts.[12] Consequently, plaintiff has failed to allege a material misrepresentation on which to base a claim of fraud.

Plaintiff has also failed to state a claim for relief regarding the alleged unlawful use of the UD-10 contrary to MCL 257.624(1). The present action is not an appeal of the subrogation judgment because it resulted from inadmissible evidence; it is an independent claim for money

---

[11] As noted already, plaintiff's argument concerning MRE 411 lacks merit. See n 7, *supra*.

[12] Plaintiff asserted that he saw the other vehicle but thought it was safe to turn; he also believed that the other driver accelerated and "maybe . . . was not paying attention and did not brake."

damages and injunctive relief for an alleged violation of the statute. Plaintiff, however, has failed to present any argument or legal authority that the Legislature has created a cause of action for the violation of MCL 257.624(1). "We will not search for authority to sustain or reject a party's position. [Plaintiff's] failure to cite sufficient authority has resulted in the abandonment of this issue on appeal." *Spires v Bergman*, 276 Mich App 432, 444; 741 NW2d 523 (2007)(citation omitted). "It is axiomatic that where a party fails to brief the merits of an allegation of error, the issue is deemed abandoned by this Court." *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999).

Even if we were to address the underlying premise of plaintiff's complaint, we would conclude that MCL 257.624(1) does not create a private cause of action for its violation. Whether a private cause of action exists for the violation of a statute depends on whether the Legislature intended to create a right of action for the statutes violation. See *Lash v Traverse City*, 479 Mich 180, 193; 735 NW2d 628 (2007) (opining that the Court has refused to impose a remedy for a statutory violation in the absence of evidence of legislative intent to do so); *City of South Haven v Van Buren Co Bd of Comm'rs*, 478 Mich 518, 528-529; 734 NW2d 533 (2007) ("To determine whether a plaintiff may bring a cause of action for a specific remedy, this Court 'must determine whether [the Legislature] intended to create such a cause of action.'")(citation omitted). With respect to MCL 257.624(1), we note nothing in its wording suggests that the Legislature intended to create private cause of action for violation of its terms. Rather, the statute is merely a directive to the judiciary that "[a] report required by this chapter shall not be available for use in a court action . . . ." *Id*. The statute also states that the required reports are "for the purpose of furnishing statistical information regarding the number and cause of accidents." MCL 257.624(1). Nothing at all in the wording of the statute suggests that the Legislature intended to create a cause of action for its violation. *Lash*, 479 Mich at 193; *City of South Haven*, 478 Mich at 528-529. Consequently, plaintiff's complaint alleging a violation of MCL 257.624(1) fails to state a claim on which relief can be granted. MCR 2.116(C)(8).

Finally, plaintiff alleges that during the subrogation action defendants conspired to deprive him of his right to due process. Specifically, he alleges that their submission of the UD-10 accident report caused the district court judge bias against him. As noted already, the right to due process includes an opportunity to a hearing by an impartial decisionmaker. *Crampton*, 395 Mich at 351 ("A hearing before an unbiased and impartial decisionmaker is a basic requirement of due process."). Generally, a party asserting that a judge is partial must overcome a heavy presumption of judicial impartiality by showing that the judge harbors actual bias or prejudice for or against a party. See *Van Buren Charter Twp v Garter Belt, Inc*, 258 Mich App 594, 698; 673 NW2d 111 (2003). Here, plaintiff alleges that defendants created a biased judge merely by submitting inadmissible evidence during the subrogation proceeding. Plaintiff cites no authority for this proposition, so it is abandoned. *Spires*, 276 Mich App at 444. Further, ruling on the admissibility of proposed evidence is a common task for a trial judge, and even a judge's erroneous rulings are insufficient to show actual bias. *In re Contempt of Henry*, 282 Mich App 656, 680; 765 NW2d 44 (2009). Judicial bias may be presumed in only limited circumstances, including where the judge (1) has a pecuniary interest in the litigation, (2) has been the subject of personal abuse or criticism of a party, (3) is enmeshed in other matters involving a party, or (4) might have prejudged the case because of his or her previous involvement as an accuser, fact-finder, or decisionmaker. *Crampton*, 395 Mich at 351; *Hughes v Almena Twp*, 284 Mich App 50, 70; 771 NW2d 453 (2009). In the present case, plaintiff has not alleged either anything to

substantiate a claim of actual bias or a circumstance for which the presumption of judicial impartiality should be lifted. Consequently, plaintiff has not alleged an underlying factual basis to support his claim that defendants deprived him of his due process right to an impartial decicionmaker.

In addition, plaintiff has failed to allege a claim to relief for a constitutional violation under 42 USC 1983. This federal statute provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State" deprives any citizen of the United States "of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." To prove a claim under § 1983, a plaintiff must establish that: (1) defendants acted under color of state law; (2) defendants' conduct deprived plaintiff of a constitutional right, and (3) the deprivation of the constitutional right occurred without due process of law. *Markis v City of Grosse Point Park*, 180 Mich App 545, 553; 448 NW2d 352 (1988).

The first element in asserting a § 1983 claim, "state action," recognizes that as a matter of substantive constitutional law "most rights secured by the Constitution are protected only against infringement by governments." *Lugar v Edmondson Oil Co*, 457 US 922, 936; 102 S Ct 2744; 73 L Ed 2d (1982) (citation omitted). Thus, a claim under § 1983 requires that "the conduct allegedly causing the deprivation of a federal right be fairly attributable to the State." *Id*. at 937. "Fair attribution" requires showing first, that "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Id*. "Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id*. Here, defendants are not state actors.[13] That a private party acts contrary to a state statute, i.e., acts unlawfully, does not render the private party a state actor or the conduct state action. *Id*. at 940. Consequently, allegations that a private party misused or abused a state statute does not allege state action that would support a cause of action under § 1983 for a constitutional violation. *Id*. at 941-942.

Because all of plaintiff's claims relate to the enforceability of State Farm's subrogation claim and could have been resolved in that lawsuit, we conclude that the trial court did not err by ruling that the present lawsuit was barred by res judicata. Additionally, the trial court correctly granted defendants summary disposition under MCR 2.116(C)(8) because plaintiff's complaint failed to state a claim on which relief can be granted. We therefore affirm. Defendants, as the prevailing parties, may tax their costs under MCR 7.219.

/s/ Mark T. Boonstra
/s/ William B. Murphy
/s/ Jane E. Markey

---

[13] Courts consider three tests to determine when a private party's conduct might be actionable as "state action" under § 1983. *Wolotsky v Huhn*, 960 F2d 1331, 1335 (CA 6, 1992). These tests are: (1) the public function test, (2) the state compulsion test, and (3) the symbiotic relationship or nexus test. *Id*.; *Lugar*, 457 US at 939. Plaintiff presents no argument, and we perceive none, that the facts he alleges render defendants state actors under any of these tests.