HARVEY CADILLAC COMPANY v RAHAIN

Docket No. 147973. Submitted January 18, 1994, at Grand Rapids. Decided March 22, 1994, at 9:45 A.M.

Harvey Cadillac Company brought an action in the Kent Circuit Court against Abram Rahain, David G. Zick, E-Z Budget Auto Sales, Inc., and Sharpe Buick, Inc., alleging that an automobile it had purchased from a customer of Sharpe had an altered odometer and that the title did not reflect the true ownership history of the vehicle and seeking damages pursuant to the Michigan Vehicle Code, MCL 257.233a; MSA 9.1933(1), and the Motor Vehicle Information and Cost Savings Act, 15 USC 1901 *et seq.* The plaintiff alleged that E-Z had sold the vehicle to Sharpe and had acquired the vehicle from Rahain, although the title showed that E-Z had purchased the vehicle from Zick. The court, Michael R. Smolenski, J., entered a default against E-Z, and later entered a default judgment against E-Z. E-Z's motion to set aside the default judgment was denied on the basis that E-Z had failed to present a meritorious defense that would justify setting aside the default judgment. The court awarded damages and attorney fees to the plaintiff, but refused to treble the damages or to award attorney fees for garnishment proceedings undertaken by the plaintiff. E-Z appealed, and the plaintiff cross appealed.

The Court of Appeals *held:*

1. E-Z failed to establish good cause to set aside the default judgment. The record clearly shows that E-Z's counsel was served notice of both entry of the default and the motion for entry of the default judgment. Further, E-Z failed to establish any meritorious defense. Accordingly, the court did not abuse its discretion in denying E-Z's motion to set aside the default and the default judgment.

2. Both MCL 257.233a(15); MSA 9.1933(1)(15) and 15 USC

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic § 183; Damages §§ 813-815.

Validity, construction, and application of odometer requirement provisions of Motor Vehicle Information and Cost Savings Act (15 USCS secs. 1981-1991). 28 ALR Fed 584.

1989 provide that any person who violates the respective provisions is liable in an amount equal to three times the amount of actual damages or $1,500, whichever is greater, and for reasonable attorney fees. Thus the court erred in failing to award the plaintiff treble damages and reasonable attorney fees.

Default judgment affirmed, damage award reversed, and case remanded.

DAMAGES — AUTOMOBILES — TRANSFER OF TITLE — TREBLE DAMAGES — DEFAULT JUDGMENTS.

Actual damages recovered in a civil action for damages for the fraudulent failure to comply with the odometer mileage disclosure provision of the Vehicle Code and the federal Motor Vehicle Information and Cost Savings Act are to be trebled; a trial court does not have discretion to refuse to treble actual damages because the judgment is a default judgment (MCL 257.233a[15]; MSA 9.1933[1][15]; 15 USC 1989).

*Thomas R. Vander Hulst,* for the plaintiff.

*Cameron Rowe* (by *William W. Webb*), for E-Z Budget Auto Sales, Inc.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Todd R. Knecht*), for Sharpe Buick, Inc.

Before: MACKENZIE, P.J., and HOLBROOK, JR., and D. A. BURRESS,* JJ.

PER CURIAM. Defendant E-Z Budget Auto Sales, Inc., appeals as of right the May 7, 1991, order of the Kent Circuit Court denying its motion to set aside a default judgment. Plaintiff, Harvey Cadillac Company, cross appeals the circuit court's refusal to grant treble damages and attorney fees. We affirm in part, reverse in part, and remand for further proceedings.

This matter arises out of Harvey's discovery that the odometer of a 1988 Buick had been tampered with. Harvey had acquired the car from a cus-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tomer who traded it in after purchasing it from Sharpe Buick, Inc. Sharpe had purchased the car from E-Z. Harvey claimed that E-Z had acquired the car from Executive Leasing and Financing Company, Inc., a company that was owned by Abram Rahain. Harvey further alleged that the car's title showed that E-Z had purchased the car from David Zick.

On April 19, 1990, Harvey filed suit against Sharpe, E-Z, Rahain, and Zick under § 233a of the Vehicle Code, MCL 257.233a; MSA 9.1933(1), and the provisions of the Motor Vehicle Information and Cost Savings Act, 15 USC 1901 *et seq.* E-Z answered the complaint, and Harvey filed an amended complaint. After an October 12, 1990, hearing, the circuit court entered an order on November 9, 1990, ordering E-Z to answer Harvey's interrogatories and amended complaint. The circuit court entered a default against E-Z on November 28, 1990.

On January 4, 1991, the circuit court granted Harvey's motion for entry of a default judgment against E-Z. After a hearing on E-Z's motion to set aside the default and the default judgment, the circuit court rejected E-Z's argument that there was good cause to set aside the default judgment. The court also found that there was no meritorious defense justifying setting aside the default judgment.

In an order dated May 7, 1991, the circuit court awarded Harvey damages and attorney fees under MCL 257.233a(15); MSA 9.1933(1)(15), and 15 USC 1989(a)(1). The court denied Harvey's request for treble damages, because it found that the amount of damages and attorney fees in a default judgment were discretionary with the court.

As its sole issue on appeal, E-Z argues that the circuit court erred in failing to set aside the de-

fault and the default judgment because it established good cause, a meritorious defense, and the presence of manifest injustice if the requested relief is not granted.

With respect to defaults and default judgments, this Court stated in *Gavulic v Boyer,* 195 Mich App 20, 24-25; 489 NW2d 124 (1992):

> While the policy of this state generally favors the meritorious determination of issues and, therefore, encourages the setting aside of defaults, the trial court's decision regarding whether to set aside a default will not be disturbed on appeal absent an abuse of discretion. *Marposs Corp v Autocam Corp,* 183 Mich App 166, 170-171; 454 NW2d 194 (1990). Pursuant to MCR 2.603(D)(1), a "motion to set aside a default or default judgment, except when grounded on a lack of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed."
>
> Good cause sufficient to warrant the setting aside of a default or default judgment includes (1) a substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements that created the default, or (3) some other reason showing that manifest injustice would result if the default and the resulting default judgment were allowed to stand. *Lindsley v Burke,* 189 Mich App 700, 702; 474 NW2d 158 (1991).
>
> The entry of a default is generally a ministerial act. *Alycekay Co v Hasko Construction Co, Inc,* 180 Mich App 502, 506; 448 NW2d 43 (1989). Nonetheless, pursuant to MCR 2.603(A)(2), the defaulted party is entitled to notice of the entry of the default after the entry. The apparent intention of this notice requirement is to enable the defaulted party to choose whether to move to set aside the default. See, e.g., *White v Sadler,* 350 Mich 511, 519; 87 NW2d 192 (1957); *Deeb v Berri,*

118 Mich App 556, 562; 325 NW2d 493 (1982). Although there are no reported cases addressing the consequences of the failure to provide notice of the entry of default, it is well settled that a failure to notify a party entitled to notice of the impending entry of a default judgment constitutes a substantial defect in the proceedings and, accordingly, good cause. *Perry v Perry,* 176 Mich App 762, 769-771; 440 NW2d 93 (1989); *Deeb, supra* at 565.

In the present case, E-Z argues that a substantial defect in the proceedings exists because its first notice of the default judgment was its receipt of the writ of garnishment. However, the record indicates that E-Z's former counsel received notice of the entry of the default. In addition, E-Z's former counsel was served with notice of the motion for entry of the default judgment and the scheduled January 4, 1991, hearing on the motion and yet did not appear or respond. Accordingly, E-Z has failed to show good cause to set aside the default or the default judgment. Furthermore, Rahain's admission of guilt does not provide E-Z with a meritorious defense in light of the facts showing E-Z's intent to defraud through its reckless disregard of the truth about the car's mileage. *Tusa v Omaha Auto Auction, Inc,* 712 F2d 1248, 1254 (CA 8, 1983). Thus, the circuit court did not abuse its discretion in denying E-Z's motion to set aside the default and the default judgment. *Gavulic, supra.*

On cross appeal, Harvey argues that the circuit court erred in failing to award treble damages. Harvey also maintains that the circuit court erred in declining to award attorney fees for the court's August 23, 1991, order regarding garnished funds, an injunction, and bond. We agree. MCL 257.233a(15); MSA 9.1933(1)(15), and 15 USC 1989 both provide that any person who violates the

respective sections is liable in an amount equal to three times the amount of actual damages or $1,500, whichever amount is greater. Both statutes also provide that costs and reasonable attorney fees are recoverable. Thus, the circuit court erred in failing to award Harvey treble damages and reasonable attorney fees. See, e.g., *Haluschak v Dodge City of Wauwatosa, Inc,* 909 F2d 254, 258 (CA 7, 1990); *Oettinger v Lakeview Motors, Inc,* 675 F Supp 1488, 1495-1496 (ED Va, 1988).

We affirm the default and the default judgment, but we reverse that part of the circuit court's decision denying Harvey's request for treble damages and reasonable attorney fees. We remand for further proceedings consistent with this opinion. We do not retain jurisdiction.