**In re Andrew T. CALLENDER, Debtor.**

**Forrest R. ROBINSON and Norma Robinson, Plaintiffs,**

**v.**

**Andrew T. CALLENDER, Defendant.**

**Bankruptcy No. GG95–82904.
Adversary No. 97–88158.**

United States Bankruptcy Court,
W.D. Michigan.

Aug. 26, 1997.

---

Kevin Abraham Rynbrandt, Grand Rapids, MI, for Plaintiffs.

John A. Potter, Grand Rapids, MI, for Defendant.

## OPINION GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT BASED UPON COLLATERAL ESTOPPEL

JAMES D. GREGG, Bankruptcy Judge.

## I. PROCEDURAL HISTORY AND FACTUAL BACKGROUND.

### A. *Introduction.*

Forrest and Norma Robinson, "Plaintiffs" or "Creditors", have filed this adversary proceeding against Andrew T. Callender, "Debtor" or "Defendant" seeking to establish that a debt arising from a prior state court judgment be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A). The Plaintiffs have filed a Motion for Summary Judgment in which they contend that the prior state court judgment should be given collateral estoppel effect, and that they are entitled to judgment as a matter of law.

■ The Supreme Court has instructed that only "honest but unfortunate" debtors should be afforded a "fresh start" in bankruptcy. *Grogan v. Garner,* 498 U.S. 279, 287, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991). For its part, Congress has created various exceptions to the bankruptcy discharge, including one for debts obtained by "false pretenses, false representation, or actual fraud . . . ." *See* 11 U.S.C. § 523(a)(2)(A). The so-called fraudulent debt exception, as with the others enumerated in Section 523, is to be strictly construed in favor of the debtor. *Gleason v. Thaw,* 236 U.S. 558, 562, 35 S.Ct. 287, 289, 59 L.Ed. 717 (1915); *Manufacturer's Hanover Trust Co. v. Ward (In re Ward),* 857 F.2d 1082, 1083 (6th Cir.1988). The Plaintiffs bear the burden of persuasion, and they must prove every element of their case by a preponderance of the evidence. *Grogan, supra,* 498 U.S. at 291, 111 S.Ct. at 661.

### B. *Jurisdiction.*

This court has jurisdiction over the bankruptcy case and this adversary proceeding. 28 U.S.C. § 1334; Local Rule 57 (W.D.Mich.) (cases and proceedings referred to bankruptcy court). This adversary proceeding is a core proceeding. 28 U.S.C. § 157(b)(2)(I).

### C. *Undisputed Facts.*

The relevant facts are enumerated as follows:

1. The Creditors–Plaintiffs filed a complaint against the Debtor–Defendant in Montcalm County Circuit Court for the State of Michigan on or about May 13, 1993. *See* Plaintiffs' Brief, Ex. A.

2. In the state court action, the Defendant's attorney filed an appearance and an answer May 26, 1993. See Plaintiffs' Brief, Ex. B.

3. The Defendant and/or his counsel participated in discovery, including depositions and a pre-trial conference. *See* Plaintiffs' Brief, Ex. C.

4. The Defendant filed a chapter 13 bankruptcy on January 12, 1994, one day before trial was scheduled to commence in state court.

5. The Defendant's chapter 13 case was dismissed on July 5, 1994, for failure to make payments and the state court action was resumed.

6. The Defendant was served with various notices of discovery and trial dates in the continued state court action. *See* Plaintiffs' Brief, Ex. E.

7. Notwithstanding proper notice, the Defendant failed to appear for trial in state court on June 1, 1995; and consequently, a default judgment was entered against him by the state court judge on all counts. *See* Plaintiffs' Brief, Ex. F.

8. The Defendant filed his second chapter 13 case on June 9, 1995, which was subsequently converted to a chapter 7 case on December 16, 1996.

9. The Plaintiffs filed this adversary proceeding seeking nondischargeability of the state court judgment on March 24, 1997.

10. The Defendant filed his answer in this adversary proceeding on April 16, 1997.

11. The Plaintiffs filed their motion for summary judgment on July 7, 1997, asserting that the state court judgment is nondischargeable based on collateral estoppel.

## II. DISCUSSION.

### A. *Summary Judgment Standards.*

Rule 7056 of the Federal Rules of Bankruptcy Procedure incorporates by reference Rule 56 of the Federal Rules of Civil Procedure which provides in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

FED. R. CIV. P. 56(c).

The party moving for summary judgment bears the initial responsibility of informing the court of the basis of the motion and identifying those portions of the record which demonstrate the absence of a material issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Once the moving party has met its initial burden, the nonmoving party must come forward with specific facts showing that there is a genuine issue of material fact on which the nonmoving party will bear the burden of proof at trial. FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 322–24, 106 S.Ct. at 2552–53. If, after adequate discovery, the party bearing the burden of proof establishes uncontested facts and is entitled to relief, summary judgment is appropriate.

### B. *General Principles of Full Faith and Credit.*

Article IV, section 1 of the United States Constitution requires that "full faith and credit" be given by each state to the acts, records, and judicial proceedings of every other state. U.S. CONST., art. IV, § 1. The Constitution further authorizes Congress to enact laws that prescribe the manner in which such acts, records and proceedings are proven and the effect thereof. *Id.* Congress has exercised its authority through the enactment of section 1738 of the Judicial Code which provides in part that: "judicial proceedings [of any court of any state] shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." 28 U.S.C. § 1738.

The United States Court of Appeals for the Sixth Circuit has recently summarized the Constitutional and statutory principles of full faith and credit as they relate to the preclusive effect of prior state court rulings in the context of nondischargeability actions in a subsequent bankruptcy case:

> The doctrine of collateral estoppel applies in dischargeability actions under 11 U.S.C. § 523(a). In determining whether

to accord preclusive effect to a state-court judgment, we begin with the fundamental principle that "judicial proceedings [of any court of any state] shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken." 28 U.S.C. § 1738. The principles of full faith and credit reflected in § 1738 generally require "that a federal court must give to the state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Bankruptcy courts' exclusive jurisdiction does not alter this rule.

See *Rally Hill Productions, Inc. v. Bursack (In re Bursack)*, 65 F.3d 51, 53 (6th Cir.1995) (citations omitted).

The Sixth Circuit has recently held that there is no federal policy exception to the application of full faith and credit doctrine to application of collateral estoppel to a prior state court judgment, even if the underlying judgment was obtained by default, so long as the applicable state law would give collateral estoppel effect to a default judgment. *See Bay Area Factors v. Calvert (In re Calvert)*, 105 F.3d 315, 322 (6th Cir.1997) ("[W]e conclude that collateral estoppel applies to true default judgments in bankruptcy dischargeability proceedings in those states which would give such judgments that effect.").

### C. *Michigan Law of Collateral Estoppel and Application of that Principle in this Adversary Proceeding.*

In *People v. Gates*, 434 Mich. 146, 452 N.W.2d 627 (1990), the Michigan Supreme Court succinctly defined the principle of collateral estoppel as follows:

Collateral estoppel precludes relitigation of an issue in a subsequent, different cause of action between the same parties where the prior proceeding culminated in a valid, final judgment and the issue was (1) actually litigated and (2) necessarily determined.

*People v. Gates*, 434 Mich. at 154, 452 N.W.2d 627 (citing *Jacobson v. Miller*, 41 Mich. 90, 93, 1 N.W. 1013 (1879); *Howell v. Vito's Trucking & Excavating Co.*, 386 Mich. 37, 42, 191 N.W.2d 313 (1971); Restatement

Judgments, § 68, p. 293; 1 Restatement Judgments, 2d, p. 250).

### 1. *The "Actually Litigated" Requirement.*

With respect to the first requirement, the Michigan Supreme Court stated:

In analyzing whether an issue was "actually litigated" in the prior proceeding, the Court must look at more than what has been plead and argued. We must also consider whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue.

*Gates*, 434 Mich. at 156–57, 452 N.W.2d 627 (citing *Blonder–Tongue Laboratories, Inc. v. Univ. of Illinois Foundation*, 402 U.S. 313, 329, 91 S.Ct. 1434, 1443, 28 L.Ed.2d 788 (1971)).

■ The law is unsettled as to whether a default judgment satisfies the "actually litigated" requirement for collateral estoppel. This court has previously held that a "true default", i.e., a case in which default judgment was entered because the defendant failed to file an answer, is not entitled to collateral estoppel effect under Michigan law. *Vogel v. Kalita (In re Kalita)*, 202 B.R. 889, 916 (Bankr.W.D.Mich.1996). *But see Cresap v. Waldorf (In re Waldorf)*, 206 B.R. 858, 867 n. 3 (Bankr.E.D.Mich.1997) (disagreeing with *Kalita* and suggesting in *obiter dictum* that true defaults would be entitled to collateral estoppel effect under Michigan law). In this instance, the judgment entered by the Michigan state court against the Defendant was not a "true default" because he filed an answer in that action.

Moreover, the Defendant substantially participated in the defense of the underlying state court litigation right up until the eve of trial, whereupon default judgment was entered because he failed to appear at trial. *See* Plaintiffs' Motion for Summary Judgment, Ex. F. Under these circumstances, the "actually litigated" requirement is met and the state court judgment is entitled to collateral estoppel effect under Michigan law. *Cf. Rally Hill Productions, Inc. v. Bursack (In re Bursack)*, 65 F.3d 51, 54 (6th Cir.1995) ("Here, Rally Hill's state-court complaint

raised the issues of fraud and use of false financial statements. The issues were actually litigated to the extent that Bursack retained an attorney, filed an answer, asserted cross-claims, and participated in discovery, which included his submitting to two depositions.").

### 2. The "Necessarily Decided" Requirement.

Regarding the second requirement for collateral estoppel, the *Gates* Court stated, "An issue is necessarily determined only if it is 'essential' to the judgment." *Gates,* 434 Mich. at 158, 452 N.W.2d 627 (citing 1 Restatement Judgments, 2d, § 27, p. 250, comment h, p. 258). Thus, a major issue to be decided is whether a judgment for fraud under Michigan law necessarily entails a finding on each of the elements that are required to prove fraud under § 523(a)(2)(A).

### (a). The Elements of Section 523(a)(2)(A).

The Plaintiffs seek a judgment of nondischargeability against the Debtor-Defendant under Section 523(a)(2)(A) which reads, in pertinent part:

(a) A discharge under section 727 ... does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition....

11 U.S.C. § 523(a)(2)(A).

The elements of a nondischargeability claim under Section 523(a)(2)(A) are well-established in the Sixth Circuit. It must be proven:

1) that the debtor obtained money through a material misrepresentation;

2) that at the time the debtor made the representation, he knew it was false or he made it with gross recklessness as to its truth;

3) that the debtor intended to deceive;

4) that the creditor justifiably relied on the false representation; and

5) that its reliance was the proximate cause of loss. *Brady v. McAllister (In re Brady),* 101 F.3d 1165, 1172 (6th Cir.1996).

### (b). The Elements of Fraud Under Michigan Common Law.

■ Michigan requires the plaintiff to establish the following elements to prove fraudulent misrepresentation:

1) the defendant made a material representation;

2) it was false;

3) the defendant knew it was false when made, or made it recklessly, without knowledge of its truth, and as a positive assertion;

4) it was made with the intention to induce reliance by the plaintiff;

5) the plaintiff relied on it; and

6) the plaintiff thereby suffered injury.

*See Hi–Way Motor Co. v. Intern. Harvester Co.,* 398 Mich. 330, 336, 247 N.W.2d 813, 816 (1976). *See also Semaan v. Allied Supermarkets, Inc. (In re Allied Supermarkets, Inc.),* 951 F.2d 718 (6th Cir.1991) (describing elements of fraud under Michigan law).

### (c). The Elements of Section 523(a)(2)(A) are Virtually Identical to Common Law Fraud Action under Michigan Law

■ As is shown by comparing the two sets of fraud elements above, this court agrees, "[T]he elements of a dischargeability case under 11 U.S.C. § 523(a)(2)(A) for false misrepresentation and fraud are virtually identical to the elements that Michigan requires to establish fraudulent misrepresentation." *Cresap v. Waldorf (In re Waldorf),* 206 B.R. 858, 863 (Bankr.E.D.Mich.1997). Thus, a state court judgment based upon fraud necessarily encompasses a finding of all the elements of Section 523(a)(2)(A) and is entitled to collateral estoppel effect in a subsequent bankruptcy court action.

### 3. There Is No Ambiguity In State Court Judgment.

■ The Defendant argues that because the state court granted judgment on four different counts, the fraud count is not enti-

tled to collateral estoppel effect.[1] The court rejects this argument. The Sixth Circuit has held that collateral estoppel is not applicable in a bankruptcy case where the prior state court judgment was ambiguous with respect to the issue of whether the defendant's conduct was willful and malicious and because the bankruptcy court had not considered any other pleadings in the state court record. *See Spilman v. Harley,* 656 F.2d 224, 228 (6th Cir.1981). The court of appeals stated, "[t]he person asserting the estoppel has the burden of proving the requirements of estoppel have been met. If the state court record does not show the issue was necessarily and actually litigated in the prior non-bankruptcy proceeding, collateral estoppel is inapplicable." *Id.* at 229. *See also Wheeler v. Laudani,* 783 F.2d 610, 615 (6th Cir.1986) ("[N]either the pleadings nor the general verdict reflects that the issue of wilfulness and maliciousness was actually litigated and necessary to the verdict. Thus, based on the record at hand, collateral estoppel would not operate to bar relitigation of this issue.").

▪ Assuming *Spilman* and *Wheeler* remain binding authority, they are inapplicable in this proceeding because there is no ambiguity in the state court judgment. It explicitly states that the Defendant was found liable on all of the counts.

Defendant Andrew Callender, having failed to appear at the time and place set for trial of this matter after receiving proper and timely notice, is hereby found liable to Plaintiffs on **all counts** against him, which are as follows: Promissory Estoppel, Unjust Enrichment, Quantum Meruit, and Fraud and Misrepresentation. Judgment is hereby entered in favor of Plaintiffs Forrest and Norma Robinson and against Andrew Callender on those counts.

*See* Plaintiffs' Brief, Ex. G (Default Judgment 6/2/95, Montcalm Circuit Court, Case No. 93–S–322–CH) (emphasis added). This court holds that when a state court unambiguously grants a judgment on all of the counts in a multi-count complaint, then each and every count is entitled to collateral estoppel effect, including a count for fraud and misrepresentation.

### 4. Plaintiffs' Failure to Specifically Allege "Materiality" of Misrepresentations Does Not Preclude Collateral Estoppel.

▪ The Defendant argues that the state court judgment should not be given collateral estoppel effect because the Plaintiffs' complaint did not expressly allege that the Defendant's misrepresentations were "material." This court rejects that argument. The Plaintiffs' state court complaint identified the specific representations that were made by Defendant. Plaintiffs' complaint alleged that the Defendant's representations were false and that Defendant knew they were false and that he expected that the Plaintiffs would rely on them. The complaint also alleged that Plaintiffs relied on those representations to their detriment thereby resulting in damages. The element of materiality is easily and properly inferred from the complaint if is fairly read in its entirety. Thus, the Plaintiffs' failure to specifically include the word "material" in their state court complaint does not preclude the subsequent application of collateral estoppel.

▪ It is also important that the default judgment on the fraud and misrepresentation count necessarily entailed a finding that plaintiff satisfied all of the elements of fraud, including materiality. *See Hi–Way Motor Co. v. Intern. Harvester Co.* 398 Mich. 330, 336, 247 N.W.2d 813, 816 (1976). If the Defendant desired to do so, he could have disputed the sufficiency of the complaint in state court action by moving to dismiss pursuant to Mich. Court Rule 2.112(B) (fraud claim must be stated with particularity). The Defendant failed to do so and he is bound by all consequences of his partic-

---

1. The complaint filed against the Defendant in state court contained the following counts: (1) Promissory Estoppel; (2) Unjust Enrichment, (3) Quantum Meruit, and (4) Fraud and Misrepresentation. *See* Plaintiffs' Brief, Ex. A. The complaint also set forth an additional Count 5 which contained the Plaintiffs' request for relief. The default judgment was entered on Counts 1–4. *See* Plaintiffs' Brief, Ex. G (Default Judgment 6/2/95, Montcalm Circuit Court, Case No. 93–S–322–CH).

ipation in the state court action. To rule to the contrary would be to permit a party to avoid collateral estoppel ramifications by challenging the sufficiency of a complaint after a judgment is rendered. Rules of procedure should not, and do not, permit this type of a collateral attack upon a judgment.

### 5. *This Court Will Not Relitigate Defendant's Motion to Set Aside State Court Default Judgment.*

██ The Defendant argues that the state court default judgment should be set aside because he suffers from brain damage which prevented him from adequately defending himself. This argument was previously made in the state court when the Defendant moved to set aside the default judgment. The state court denied the Defendant's request because there existed no meritorious defense and there was no demonstrable excusable neglect. This court declines to second guess whether the state court's refusal to set aside the default judgment was proper or not. The state court's prior procedural ruling is also binding on this court under principles of both collateral estoppel and res judicata.

## III. CONCLUSION

There are no material contested facts and this court may, as a matter of law, grant or deny the Plaintiffs' motion for summary judgment. The Michigan state court, after the Defendant filed an answer, entered a judgment in favor of the Plaintiffs, *inter alia*, explicitly based upon the Defendant's fraudulent conduct. That judgment is entitled to collateral estoppel effect for the reasons discussed above. Summary judgment is granted in favor of the Plaintiffs; their state court judgment against the Defendant is nondischargeable under 11 U.S.C. § 523(a)(2)(A). This court shall enter an order accordingly.