**In re Kevin and Lolita
ALLEN, Debtors.**

**Universal Underwriters
Group, Plaintiff,**

v.

**Lolita Allen, Defendant.**

**Bankruptcy No. 97–42019–RRG.
Adversary No. 97–4521.**

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

Aug. 6, 1999.

**684**

Kevin P. Moloughney, Southfield, MI, for plaintiff.

Julie Beth Teicher, Southfield, MI, for defendant.

### DECISION and ORDER

BURTON PERLMAN, Bankruptcy Judge.

In this adversary proceeding, plaintiff is a subrogee of Suburban Motors Company by reason of an employee blanket bond issued by plaintiff to Suburban, covering conduct by employees of Suburban. Defendant/debtor was an employee of Suburban. Plaintiff says that conduct by defendant gives rise to a claim pursuant to § 523(a)(2), (4) and (6), for which plaintiff had to indemnify Suburban. Plaintiff here seeks, as subrogee, to recover the amount paid to Suburban on account of acts of defendant.

Earlier, plaintiff had filed a suit in state court to recover the same amount in controversy here, upon a complaint alleging the same acts of which complaint is made here. Defendant did not respond to the

state court complaint and plaintiff secured a default judgment. Plaintiff has now moved for summary judgment on grounds that it is entitled to have collateral estoppel effect given to its state court judgment. Defendant contends that plaintiff is not entitled to have preclusive effect given to the state court judgment. In addition, defendant contends that she was not served with the state court complaint, and had she been served, she would have defended the suit.

The general framework for dealing with collateral estoppel in a dischargeability context is, and has been since *In re Calvert*, 105 F.3d 315 (6th Cir.1997), well settled in the Sixth Circuit. An excellent summary statement is the following:

> In recent years, the Supreme Court has issued a series of decisions expanding the analysis that the federal courts must use to determine whether to give a state judgment preclusive effect. Rather than relying solely on the judicial doctrine of collateral estoppel, a federal court must first consider whether the Full Faith and Credit Act requires it to accord the state judgment the same preclusive effect that the judgment would receive under state law. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986); *Marrese v. Am. Academy of Orthopaedic Surgeons*, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985); *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 116 S.Ct. 873, 134 L.Ed.2d 6 (1996).
>
> The Full Faith and Credit Act states, in relevant part, that state court "judicial proceedings shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken." 28 U.S.C. § 1738.
>
> The Sixth Circuit has held that the Full Faith and Credit Act applies in

dischargeability proceedings. *Bursack*, 65 F.3d at 52–53. Under *Bursack*, the bankruptcy court must initially determine whether a state court judgment would receive preclusive effect in the state where it was rendered. *Id.* at 53. If so, the bankruptcy court must give the state judgment preclusive effect unless it determines that an exception to the Full Faith and Credit Act exists. *Id.*

> Recently, the Sixth Circuit concluded that the Act would apply without exception even when the underlying state judgment is a default judgment. *Calvert*, 105 F.3d 315. Accordingly, this Court must apply the Full Faith and Credit Act and give Cresap's state judgment the same preclusive effect that is recognized by Michigan law.

*Cresap v. Waldorf*, 206 B.R. 858, 862 (Bankr.E.D.Mich.1997); *see also In re Callender*, 212 B.R. 276, 279–80 (Bankr. W.D.Mich.1997). The law regarding the collateral estoppel effect of default judgments in the Sixth Circuit was significantly affected by the 1997 *Calvert* decision. We must look first to federal law, but that requires application of state law.

■■■■■ The judgment to which plaintiff here seeks to accord collateral estoppel effect was granted by a state court in Michigan. We must therefore inquire whether a Michigan court would give collateral estoppel effect in a second suit to the judgment in the first. Up to a point, there is no disagreement as to the state of the law of Michigan in this regard. In *Waldorf*, the court summarized it thus:

> Michigan courts apply collateral estoppel "to avoid relitigation of claims, and to prevent vexation, confusion, chaos and the inefficient use of judicial resources." *Bd. of County Road Comm'rs v. Schultz*, 205 Mich.App. 371, 377, 521 N.W.2d 847, 851 (1994). The Michigan supreme Court has explained Michigan's rule of collateral estoppel, as follows:
>
> > Collateral estoppel precludes the relitigation of an issue in a subsequent,

different cause of action between the same parties where the prior proceeding culminated in a valid, final judgment and the issue was 1) actually litigated and 2) necessarily determined.

*People v. Gates*, 434 Mich. 146, 154, 452 N.W.2d 627, 630, *cert. den.*, 497 U.S. 1004, 110 S.Ct. 3238, 111 L.Ed.2d 749 (1990).

206 B.R. at 862. The requirement of "necessarily determined" is well settled. An issue "is necessarily determined" if it is essential to the judgment. *Waldorf*, 206 B.R. at 862 (citing *Gates*, 434 Mich. at 158, 452 N.W.2d at 631).

█ Where in this case we finally reach an issue which must be resolved is the requirement of "actually litigated" where the judgment from the first court is a default judgment and in the original suit no answer was filed. Cases are of record in bankruptcy courts in Michigan where default judgments have been given collateral estoppel effect with fact patterns showing a significant participation by defendant in the first suit. In such situations, the Michigan bankruptcy courts have had no difficulty in perceiving and applying Michigan law, for the state courts of Michigan have made clear what the law is in such situations. Thus, where a plaintiff was granted summary judgment in a state court on the liability issue and the issue of damages remained for trial, defendants filed pleadings regarding the issue of damages and received proper notice of a hearing. They failed to attend the hearing and a default judgment was granted against them. The bankruptcy court accorded collateral estoppel effect to the state court judgment. *In re Waldorf, supra*. In *In re Callender, supra*, collateral estoppel effect was granted to a default judgment from the state court because defendant substantially participated in the defense of state court litigation right up until the eve of trial.

The Michigan Supreme Court, however, has not decided the question of whether a prior Michigan judgment will be given collateral estoppel effect in a later action if defendant did not in any way participate in the first action, that is, where defendant did not file an answer. Can it be said upon an examination of Michigan law that under those circumstances a second Michigan court would give the first judgment collateral estoppel effect?

One Michigan bankruptcy court, denominating such a situation a "true default," has reached the conclusion that in Michigan courts such a default judgment, one on a true default, would not provide a basis for collateral estoppel in a second suit. *In re Kalita*, 202 B.R. 889 (Bankr.W.D.Mich. 1996). The court in that case, after realizing that there is no direct holding either in the Michigan Supreme Court or other Michigan courts on this question, set out to reach a conclusion of what result a Michigan court would reach if it were presented with the question. The court looked at Michigan cases for the purposes of from them divining what the state courts would do. These were *Jacobson v. Miller*, 41 Mich. 90, 1 N.W. 1013 (1879) and *Lichon v. American Universal Ins. Co.*, 435 Mich. 408, 459 N.W.2d 288 (1990). The court also considered Michigan court rules and reached the conclusion that where a default judgment is simply entered as a ministerial function by a clerk, it should not be accorded collateral estoppel effect. The court also considered federal cases which bore on the question. After considering a number of such cases, the court said:

In those cases in which the bankruptcy court held that the defendant-debtor was collaterally estopped by the prior Michigan judgment, there was at least some participation by the defendant in the state court litigation. Although the decisions are somewhat unclear, it appears in [*Frantz v.*] *Schuster*, [(In matter of Schuster)*, 171 B.R. 807, 811 (E.D.Mich.1987)], [*Bend v.*] *Eadie* [*(In re Eadie)*, 51 B.R. 890 (Bankruptcy Mich.1985)] and [*Sonographics v.*] *Khullar*, [*(In re Khullar)*, 139 B.R. 428

(Bankr.E.D.Mich.1992)] that each defendant had answered the allegations of the complaint prior to entry of the default judgment. Thus, the issues were "actually litigated" for purposes of establishing collateral estoppel. In contrast, the plaintiff in [*Montgomery v.] Kurtz, [(In re Kurtz), 170* B.R. 596 (E.D.Mich.1994)] could not meet the actually litigated requirement, because she failed to produce an adequate state court record to show that an answer had been filed or evidentiary hearing was held. Likewise, the state court judgments at issue in [*Day v.] Manuel [(In re Manuel), 76* B.R. 105 (E.D.Mich.1987)] and [*Industrial Insurance Services Inc. v. Zick, (In re Zick), 100* B.R. 867 (Bankr.E.D.Mich.1989)] were not based on evidentiary findings. Therefore, the bankruptcy courts refused to give these judgments preclusive effect, even though there had been some degree of participation by the defendants in the state court litigation. None of these cases involved a "true default" in which the defendant had failed to even file an answer to the state court complaint.

*Kalita,* 202 B.R. at 913.

We have concluded that *Kalita* should be followed. After recognizing that the Michigan courts had not settled the question of the collateral estoppel effect in Michigan courts of a true default, the court for guidance looked to opinions from the Michigan Supreme Court, as well as relevant data, including opinions of the Michigan Court of Appeals, Michigan Court Rules, legal commentaries, and federal court opinions interpreting Michigan law. Utilizing these resources, the *Kalita* court concluded that a Michigan court would not give collateral estoppel effect to a prior true default. The decision is thoughtful, is well researched, and draws defensible conclusions from reasonable sources.

In the course of its analysis, the *Kalita* court found favorable references to the Restatement of Judgments § 68 and Restatement of Judgments 2d § 27, in comments by the Michigan Supreme Court. There, the Restatement expresses the view that default judgments do not give rise to collateral estoppel. This provides powerful support to the conclusion of the *Kalita* court that the Michigan Supreme Court would hold that a true default would not be given collateral estoppel effect. This is so because the Michigan Supreme Court generally accords great deference to the Restatement of Judgments. *See Amalgamated Transit Union v. Southeastern Michigan Transportation Authority,* 437 Mich. 441, 451, 473 N.W.2d 249, 253 (1991); *Lichon v. American Universal Ins. Co.,* 435 Mich. 408, 459 N.W.2d 288 (1990); *People v. Gates,* 434 Mich. 146, 154–56, 452 N.W.2d 627, 630 (1990); *Senior Accountants, Analysts and Appraisers Ass'n. v. City of Detroit,* 399 Mich. 449, 249 N.W.2d 121 (1976); *Howell v. Vito's Trucking and Excavating Co.,* 386 Mich. 37, 42, 191 N.W.2d 313 (1971).[1]

In light of the foregoing discussion, we hold that plaintiff's prior state court judg-

---

1. A curious situation exists in Michigan regarding collateral estoppel in a default judgment scenario. In *In re Callender,* 212 B.R. 276, 280 (Bankr.W.D.Mich.1997), Judge Gregg of the Western District of Michigan, who decided the *Kalita* case, observes that *In re Waldorf,* 206 B.R. 858, 863 (Bankr. E.D.Mich.1997), decided by a court in the Eastern District of Michigan, in dictum disagreed with *Kalita.* We do not read *Waldorf* as reaching such a conclusion. True, the *Waldorf* court questions the appropriateness of *Jacobson v. Miller,* 41 Mich. 90, 1 N.W. 1013 (1879) as a basis for the conclusion reached in *Kalita,* but *Waldorf* does not otherwise address the extensive review in which the *Kalita* court engaged. Further, the *Waldorf* court cited several cases, *Park v. American Casualty Ins. Co.,* 219 Mich.App. 62, 555 N.W.2d 720 (1996); *Harvey Cadillac Co. v. Rahain,* 204 Mich.App. 355, 514 N.W.2d 257 (1994); *Van Pembrook v. Zero Man. Co.,* 146 Mich.App. 87, 380 N.W.2d 60 (1985), for the proposition that Michigan courts would not allow relitigation of issues determined against them previously. These cases, however, not involving collateral estoppel questions, cannot be said to provide guidance in determining the meaning of "actually litigated" for collateral estoppel purposes in Michigan.

ment is not entitled to collateral estoppel effect, and plaintiff's motion for summary judgment is denied.

So Ordered.