In re Abraham S. RAHAIM, Debtor.

**Building Communications, Inc., Plaintiff,**

v.

**Abraham S. Rahaim, Defendant.**

Bankruptcy No. 04–53372.
Adversary No. 04–4702.

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

May 5, 2005.

Fred H. Freeman, Farmington Hills, MI, for Debtor.

*OPINION GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT*

MARCI BETH MCIVOR, Bankruptcy Judge.

A hearing on Plaintiff's Motion for Summary Judgment was held on May 3, 2005. This Court finds that the elements of collateral estoppel have been satisfied. Plaintiff's motion for summary judgment is GRANTED.

### I.

*FACTUAL BACKGROUND*

On April 4, 2001, Plaintiff Building Communications, Inc. ("BCI") filed a Complaint in the Oakland County Circuit Court against Defendant Abraham Rahaim alleging Tortious Interference with Prospective Business Advantages (Count I), Fraud (Count II), and Invasion of Privacy/Exploitation of Identity (Count III). Specifically, Plaintiff claimed that Defendant engaged in intentional misconduct by forging customers names to telecommunications contracts and letters of agency (LOA) without the permission of either BCI or the customer. As a result of Defendant's misconduct, Plaintiff suffered damage, including but not limited to: (1) costs and expenses incurred for transferring the customers to BCI's service based on the authorizations forged by Rahaim; (2) costs and expenses incurred for switching those customers back to their original carriers; (3) costs and expenses for the telephone usage and service supplied by BCI to those same customers; and (4) the loss of the potential for servicing those customers in the future.

On August 24, 2001, Defendant Rahaim, represented by counsel, filed an answer to the complaint and filed a counterclaim. Defendant and his counsel participated in discovery. On November 5, 2001, Defendant was served with Plaintiff's First Request for Admissions. Defendant failed to answer the Request for Admissions. On December 27, 2001, Plaintiff filed its Motion for Summary Disposition. The hearing on the Motion was scheduled for January 30, 2001. On January 11, 2002, the Oakland County Circuit Court entered an order permitting Defendant's counsel to withdraw. Because of the withdrawal of counsel, the Motion for Summary Disposition was rescheduled for February 13, 2002. Defendant was served with all notices of hearing dates at the address provided to Plaintiff by Defendant's attorney. After January 2002, Defendant failed to answer interrogatories, document requests and requests for admissions and failed to appear at scheduled hearings.

Case evaluation took place on February 7, 2002 and a case evaluation award of $75,000 in favor of BCI was granted. On March 13, 2002, the court entered an order granting BCI's motion for summary disposition on Count II (fraud) and III (invasion of privacy). The order granting the motion did not determine the amount of damages. The Oakland County Circuit Court further ordered Defendant to answer BCI's outstanding discovery within 21 days or the counterclaim would be "stricken". Defendant failed to provide answers

to the outstanding discovery and the counterclaim was dismissed.

On May 30, 2002, a default was entered against Defendant for his failure to appear at the pretrial conference.[1] On August 7, 2002, a default judgment on all counts was entered in favor of Plaintiff and against Defendant in the amount of $47,466.00 together with interest from the date of filing, April 1, 2001, and $2,534.00 in costs and attorney fees.

On May 7, 2004, Defendant filed a Chapter 7 bankruptcy case. On July 28, 2004, Plaintiff timely filed this adversary proceeding seeking non-dischargeability of the state court judgment pursuant to § 523(a)(2)(A). Defendant filed his answer in this adversary proceeding on August 5, 2004.

## II

### STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R. Civ. P. 56(c); Fed. R. Bankr.P. 7056 (Rule 56 applies in adversary proceedings). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof

at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## III

### JURISDICTION AND BURDEN OF PROOF

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (determinations as to dischargeability).

 As the party seeking an exception to discharge, Plaintiff bears the burden of proving nondischargeability by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 290, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Even so, the court must construe all of the exceptions to discharge strictly, and must give the benefit of the doubt to debtor. *In re Rembert*, 141 F.3d 277, 281 (6th Cir.1998).

## IV.

### ANALYSIS

Plaintiff filed a non-dischargeability complaint against Defendant pursuant to § 523(a)(2)(A). Plaintiff contends that he is entitled to summary judgment on his nondischargeability complaint based on the judgment for fraud entered against Defendant in the Oakland County Circuit Court. Plaintiff claims that the under the Full Faith and Credit Clause and the collateral estoppel doctrine, this Court must enforce the state court judgment and must hold that the debt is exempt from discharge because it stems from fraud.

---

1. While it is unclear from the pleadings provided, it appears that the trial was scheduled for the purpose of litigating the remaining count of the Complaint and for determining the amount of damages.

### A. Full Faith and Credit Clause and Collateral Estoppel

■ Pursuant to the United States Constitution and federal statute, each state must give full faith and credit to the judicial proceedings of every other state. U.S. Const., Art. IV, § 1; 28 U.S.C. § 1738. The principle of full faith and credit is put into effect via the doctrine of collateral estoppel, which applies in dischargeability actions. *Grogan v. Garner*, 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Thus, a federal court must give a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered. *In re Bursack*, 65 F.3d 51 (6th Cir.1995). In other words, federal courts are required to apply the doctrine of collateral estoppel in the same manner as the state courts of the state in which the earlier judgment was rendered. *Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir.1997).

■■ Collateral estoppel principles apply in nondischargeability proceedings. *In re Bursack*, 65 F.3d at 52–53; *In re West*, 163 B.R. 133, 139 (Bankr.N.D.Ill.1993). Even though Congress intended the bankruptcy court to determine the issue of whether a debt is dischargeable, Congress did not require the bankruptcy court to redetermine all the underlying facts. *Spilman v. Harley*, 656 F.2d 224, 227 (6th Cir.1981). "Where a state court determines factual questions using the same standards as the bankruptcy court would use, collateral estoppel should be applied to promote judicial economy by encouraging the parties to present their strongest arguments." *Klingman v. Levinson*, 831 F.2d 1292, 1295 (7th Cir.1987).

■■ The doctrine of collateral estoppel prevents an issue from being relitigated where the issue was actually litigated and necessarily decided, that is the

issue was essential to the final judgment in the prior proceeding. *Smith v. Sushka*, 117 F.3d at 969. The motion for summary disposition and the default judgment were both rendered by the Oakland County Circuit Court. Thus, this Court must give those judgments the same preclusive effect that any Michigan state court would give them. Under Michigan law, collateral estoppel applies when:

> 1) there is identity of parties across the proceedings;
>
> 2) there was a valid, final judgment in the first proceedings;
>
> 3) the same issue was actually litigated and necessarily determined in the first proceeding; and
>
> 4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding.

*Hinchman v. Moore*, 312 F.3d 198, 202 (6th Cir.2002) *citing Darrah v. City of Oak Park*, 255 F.3d 301, 311 (6th Cir.2001)(*citing People v. Gates*, 434 Mich. 146, 452 N.W.2d 627, 630–31 (1990))

### 1. Identity of Parties Across the Proceedings

■ The first requirement of collateral estoppel requires that the same parties are involved in both the initial and the subsequent case. This is a requirement known as the doctrine of mutuality of estoppel.

> The doctrine of mutuality of estoppel requires that in order for a party to estop an adversary from relitigating an issue that party must also have been a party, or a privy to a party, in the previous action. In other words, 'the estoppel is mutual if the one taking advantage of the earlier adjudication would have been bound by it, had it gone against him'.

*Lichon v. Am. Universal Ins. Co.*, 435 Mich. 408, 459 N.W.2d 288, 297–98 (1990) (*quoting Howell v. Vito's Trucking & Excavating Co.*, 386 Mich. 37, 191 N.W.2d 313, 316 (1971)). In this case, both Plaintiff and Defendant have "an interest in the subject matter affected by the judgment" in the Oakland County Circuit Court and in the present dischargeability action. This satisfies the Michigan requirement for mutuality of estoppel. *In re Waldorf*, 206 B.R. 858, 863 (Bankr.E.D.Mich.1997).

**2.** *Valid, Final Judgment in the First Proceedings*

The Plaintiff provided copies of the relevant pleadings issued in the state court proceedings, including the order granting summary disposition and order granting default judgment. Defendant has not contested the validity of these judgments.[2]

**3.** *The Issue Was Actually Litigated and Necessarily Determined in the First Proceeding*

 The third prong of the test to determine the applicability of the collateral estoppel doctrine raises two questions: 1) whether the issue in the subsequent proceeding is the same as the issue in the prior proceeding, and 2) whether the issue in the prior proceeding was actually litigated and necessarily determined.

Defendant argues that the issue before this Court is not the same as the issue before the Oakland County Circuit Court. According to Defendant, the state court determined Defendant's liability to Plaintiff while the issue before this Court is the dischargeability of the debt under 11 U.S.C. § 523. Because the issue of non-dischargeability was not even raised, let

alone actually litigated in the Oakland County Circuit Court, collateral estoppel cannot apply.

Defendant defines the issue too narrowly. This Court finds that the issue before the state court was precisely the issue presently before this Court: whether Defendant defrauded Plaintiff. The state court directly addressed that issue, found that Defendant defrauded Plaintiff, and entered a judgment accordingly. The issue before this Court in determining the dischargeability of Defendant's debt to Plaintiff is whether the debt arose from fraud i.e. whether Defendant defrauded Plaintiff. The issues are identical. This Court must therefore determine whether a judgment for fraud under Michigan law necessarily entails a finding on each of the elements that are required to prove fraud under § 523(a)(2)(A).

In a dischargeability proceeding brought pursuant to § 523(a)(2)(A), the issue is whether a plaintiff's claim resulted from the defendant's false representation or actual fraud. Section 523(a)(2)(A) states:

Section 523(a)(2)(A) provides:

(a) A discharge under section 727 . . . does not discharge an individual debtor from any debt–

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by–

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

 The purpose of § 523(a)(2) is to prevent debtors from retaining the ben-

---

**2.** Defendant does raise the issue of whether he received proper notice of the state court proceedings. Defendant does not argue that the alleged failure to receive notice makes the state court judgments invalid. Instead, Defendant argues that the failure to receive proper notice prevented him from fully and fairly litigating the issue in state court. *See infra* p. 38.

efits of property obtained through fraud. *In re Omegas Group, Inc.,* 16 F.3d 1443, 1451 (6th Cir.1994). To prevail on a claim under § 523(a)(2)(A), a plaintiff must show that:

(1) [T]he debtor obtained money through a material misrepresentation that at the time the debtor knew was false or that he made with reckless disregard for the truth; (2) the debtor intended to deceive; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss.

*In re Rembert,* 141 F.3d 277, 280 (6th Cir.1998). Whether a debtor possessed intent to deceive is measured by a subjective standard. *Id.*

 Under Michigan law, fraud is "an intentional perversion or concealment of the truth for the purpose of inducing another in reliance upon it to part with some valuable thing or to surrender a legal right." *Barkau v. Ruggirello,* 113 Mich. App. 642, 318 N.W.2d 521, 524 (1982). A plaintiff must establish the following elements to prove fraudulent misrepresentation:

1. The defendant made a material misrepresentation
2. It was false;
3. The defendant knew it was false when made, or made it recklessly, without knowledge of its truth, and as a positive assertion;
4. It was made with the intention to induce reliance by the plaintiff;
5. The plaintiff relied on it; and
6. The plaintiff thereby suffered injury.

*Hi–Way Motor Co. v. International Harvester Co.,* 398 Mich. 330, 247 N.W.2d 813, 816 (1976).

The elements of a fraud claim under state law are virtually identical to the elements of fraud under 11 U.S.C. § 523(a)(2)(A). *See In re Waldorf,* 206 B.R. at 863 ("the elements of a dischargeability case under 11 U.S.C. §§ 523(a)(2)(A) for false misrepresentation and fraud are virtually identical to the elements that Michigan requires to establish fraudulent misrepresentation"); *In re Callender,* 212 B.R. 276, 281 (Bankr.W.D.Mich.1997)("a state court judgment based upon fraud necessarily encompasses a finding of all the elements of § 523(a)(2)(A) and is entitled to collateral estoppel effect in a subsequent bankruptcy court action").

 Because the elements of a state court fraud claim encompass the elements of a § 523(a)(2)(A) claim under the bankruptcy code, the Court must determine whether the issue was "actually litigated and necessarily decided" in the state court. Plaintiff obtained both an "Order of Summary Disposition" on Plaintiff's fraud count, and a default judgment awarding damages on all counts. Under Michigan law, collateral estoppel applies to bar relitigation of a matter resolved on a summary disposition motion, if the judgment disposed of the matter on the merits. *Detroit v. Qualls,* 434 Mich. 340, 454 N.W.2d 374, 382 (1990).

[A] ruling on summary disposition is 'a final judgment capable of barring a second lawsuit where the proper circumstances occur.' *In re Moon,* 116 B.R. 75, 78 (Bankr.E.D.Mich.1990)(*citing Ferguson v. Montrose,* 75 Mich.App. 596, 598, 255 N.W.2d 700 (1977) and *Curry v. City of Detroit,* 394 Mich. 327, 231 N.W.2d 57 (1975)). Collateral estoppel applies when there is a motion for summary disposition that involves the same matter in issue, the same parties or their privies, and a judgment on the merits of the claim.

*In re Waldorf,* 206 B.R. at 864

 This court finds that the "Order of Summary Disposition" is a final judgment

on the merits of Plaintiff's fraud claim. Plaintiff's state court fraud claim was based on allegations that Defendant engaged in intentional misconduct by forging customer names to telecommunications contracts and letters of agency without the permission of either BCI or the customer. The facts relied upon by the court in granting Summary Disposition were established in the Plaintiff's First Request for Admissions—Admissions which were properly served on Defendant and which Defendant failed to answer. Under Michigan law, when a party fails to respond to Requests for Admissions, each request is deemed to be admitted. MCR 2.312(D)(1). The admissions may serve as the basis for summary disposition. *Medbury v. Walsh,* 190 Mich.App. 554, 476 N.W.2d 470, 472 (1991).

The following facts supporting the allegations of fraud were set forth in Plaintiff's First Request for Admissions: 1) that Defendant forged customer names on BCI Value Guarantee Service Agreements; 2) that Defendant knew his forgery would result in the customers' service being transferred from their current carrier to BCI, and 3) Defendant forged the customer names with the intent of obtaining money from BCI in payment for the customers whose telecommunications contracts he had fraudulently transferred to BCI. Defendant's admissions established the necessary elements of a claim for fraud. The order granting Plaintiff's Motion for Summary Disposition decided the issue of fraud on the merits. Because the exact same facts are pled in the adversary proceeding pending before this Court, Defendant is estopped from relitigating the issue of fraud.

▆▆▆▆ Plaintiff also obtained a default judgment on August 7, 2002. The default judgment awarded damages on all counts of Plaintiff's complaint. Defendant argues

that his failure to participate in the case after the withdrawal of his attorney in January, 2002, precludes the use of this judgment to bar relitigation of the fraud issue. Defendant misunderstands the law on the effect of a default judgment on subsequent litigation. Under Michigan law, a default judgment is given preclusive effect where there was sufficient participation by the parties to meet the actual litigation requirement. *In re Kalita,* 202 B.R. 889, 913 (Bankr.W.D.Mich.1996). *See also In re Callender,* 212 B.R. 276 (Bankr. W.D.Mich.1997) (collateral estoppel applies to default judgment where defendant participated in discovery but failed to appear at trial); *In re Bursack,* 65 F.3d at 54 (collateral estoppel applied to default judgment where "[plaintiff's] state-court complaint raised the issues of fraud and use of false financial statements, the issues were litigated to the extent that [defendant] retained an attorney, filed an answer, asserted cross-claims, and participated in discovery prior to the default judgment being entered"). However, where the default judgment is a "true default judgment," a judgment entered solely because the defendant failed to file an answer or to take any steps to defend the action, such a judgment is not given preclusive effect. *Kalita,* 202 B.R. at 899.

> [I]n the prior state court civil action, [defendant] did not file an answer to [plaintiff's] complaint. Therefore, the facts were never at issue. Because the operative facts were not contested when the state court entered a default judgment, no actual litigation of the facts was necessary and 'actual litigation' did not take place. The 'true default' judgment which was entered in the state court civil action is therefore not entitled to collateral estoppel effect.

*Id.* at 915.

This Court finds that Defendant had sufficient participation in the state court

action for the state court default judgment to be given preclusive effect. Defendant retained counsel, filed an answer and a counterclaim, and engaged in discovery. Prior to the entry of the default judgment, Plaintiff obtained an order granting Plaintiff's Motion for Summary Disposition on the fraud count in the complaint. Defendant did not appeal that Order. Defendant's failure to appear at a hearing to determine damages does not lead to the conclusion that Defendant is entitled to another bite of the apple on the fraud issue. Where there has been substantial participation in the case prior to the entry of the judgment, collateral estoppel applies. *In re Waldorf,* 206 B.R. at 866. Therefore, the default judgment entered by the Oakland County Circuit Court against Defendant awarding damages for fraud is not a "true default" and has a preclusive effect.[3]

The state court's order granting Plaintiff's Motion for Summary Disposition decided the issue of fraud on the merits, and the subsequent Default Judgment established the amount of damages on the fraud claim. Since the exact same facts are pled in the adversary proceeding before this Court, Defendant is estopped from relitigating the issue of fraud.

4. *The Party Against Whom the Doctrine Is Asserted Had a Full and Fair Opportunity to Litigate the Issue in the Earlier Proceeding*

Before the doctrine of collateral estoppel can be invoked, the party against whom it is asserted must have been afforded a full and fair opportunity to litigate the issue in the prior proceeding. Defendant in the present case argues that he was not able to fully and fairly litigate the issue of fraud in state court because he never received notice of the state court proceedings.

The Court finds that Defendant's claim regarding notice is not credible. The assertion is supported solely by a self-serving affidavit drafted and signed by Defendant. There is no independent evidence in the record to indicate that Defendant was not properly served throughout the state court proceeding. Defendant was on notice that there were proceedings pending against him in the Oakland County Circuit Court. Defendant had hired counsel, answered the complaint, filed a counter-complaint and participated in discovery. The Motion for Summary Disposition was originally served on counsel for Defendant. Counsel for Defendant withdrew prior to the hearing and notice of the new date was served on Defendant at the address provided to Plaintiff by counsel for Defendant. Defendant's claim that he failed to receive notice of the hearing on the Motion for Summary Disposition is simply not credible.

Once Defendant's counsel withdrew in January 2002, Defendant stopped defending the action. Defendant chose not to obtain new counsel, comply with discovery, or appear at hearings. Case law and fairness dictate that Plaintiff should not be barred from asserting collateral estoppel when the parties litigated the case through the eve of summary disposition and Defen-

---

3. The fact that Defendant answered the complaint and participated in the state court action distinguishes this case from *In re Allen,* 243 B.R. 683 (Bankr.E.D.Mich.1999) and *In re Kalita,* 202 B.R. 889 (Bankr.W.D.Mich. 1996). In *Allen,* the court held that the plaintiff's prior state court judgment was not entitled to collateral estoppel effect because the defendant did not file an answer to the complaint and did not in any way participate in the first action. *Allen,* 243 B.R. at 687–688. In *Kalita,* the court held that where a default judgment is entered as a ministerial function by a clerk, it should not be accorded collateral estoppel effect. *Kalita,* 202 B.R. at 913.

dant voluntarily chose to terminate his participation in the case. Defendant had ample opportunity to litigate the issue of fraud in the earlier proceeding.

### V.

### CONCLUSION

For the reasons stated above, the Court finds that the elements of collateral estoppel have been satisfied and Defendant is precluded from relitigating the issue of fraud. Plaintiff's motion for summary judgment is hereby GRANTED.