PHILLIPS *v.* GENERAL ADJUSTMENT BUREAU.

OPINION OF THE COURT.

1. FRAUD—WHEN ONE MAKING FALSE REPRESENTATIONS IS LIABLE.

Representations made by 1 party to another in a transaction between them, which are false in fact and actually deceive the other and are relied on by him to his damage, are actionable, irrespective of whether the person making them knew them to be false or acted in good faith in making them, only when the loss of the party deceived inured to the benefit of the other.

2. SAME—INNOCENT MISREPRESENTATION—BENEFIT.

Representation by defendant to plaintiffs that in determining extent of fire loss to plaintiffs' property it was acting in behalf of 2 insurance companies who insured plaintiffs' property against fire loss, where defendant never had authorization for such action from either company, and because of the representations and the reliance placed upon them by plaintiffs' negotiations about the loss extended beyond 60-day period required for filing a sworn proof of loss *held*, not to make defendant liable to plaintiffs who relied on the representations to their detriment where no benefit inured to defendant who made the innocent misrepresentation.

3. SAME—BENEFIT TO PARTY MAKING MISREPRESENTATION.

Defendant insurance adjustment bureau which billed an insurance company for adjustment services which it did not have authority to perform had an ostensible claim against the company which might be a benefit, but not such benefit as to render defendant liable for its misrepresentation to plaintiffs that it was authorized to adjust the claim, even though plaintiffs relied on the representation to their detriment.

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 37 Am Jur 2d, Fraud and Deceit § 41 *et seq.*

CONCURRING OPINION.

GILLIS, J.

4. FRAUD—MISREPRESENTATIONS—FIRE LOSS—CANCELLED POLICY—
DETRIMENTAL RELIANCE.

> *Finding defendant liable to plaintiffs because of innocent mis-*
> *representation, that in determining extent of fire loss to*
> *plaintiffs' property it was acting on behalf of insurance*
> *company, was error where plaintiffs' policy was canceled at*
> *time of loss and any innocent misrepresentation by defendant*
> *was not detrimental to plaintiffs.*

Appeal from Wayne, Bowles (George E.), J.
Submitted Division 1 October 5, 1967, at Detroit.
(Docket No. 2,874.)   Decided June 25, 1968.

Complaint by Hershel J. Phillips and Portia Phil-
lips against General Adjustment Bureau, Washing-
ton Mutual Insurance Company, a foreign corpora-
tion, and Insurance Company of North America, a
foreign corporation, to recover for fire loss.   Plain-
tiffs discontinued claim against Washington Mutual
Insurance Company before trial.   Directed verdict
for Insurance Company of North America.   Verdict
and judgment for plaintiff against General Adjust-
ment Bureau. Defendant Bureau appeals. Reversed.

*Weiss & Bacalis,* for plaintiff.

*Kenneth C. Davies,* for defendant Bureau.

LESINSKI, C. J.   The defendant-appellant, Gen-
eral Adjustment Bureau,* appeals from a decision
of the lower court finding it liable to the plaintiffs
in the amount of $3,215.05.

---

* Hereinafter referred to as General.

The facts are that on December 9, 1963, the plaintiffs, Hershel J. Phillips and Portia Phillips, suffered a fire loss at an apartment building which they own. The apartment building was insured against fire loss by the Insurance Company of North America and, allegedly, Washington Mutual Insurance Company. The plaintiffs thereafter reported the loss to the Davis-Grant agency, a Detroit agent for both companies. General was informed of the loss by the Davis-Grant agency. Thereupon, General represented to the plaintiffs and their public adjuster that it was acting in behalf of the companies involved and proceeded to ascertain the extent of the loss. The representations by General were, in fact, false in that it never had authorization for such action from either company. It is because of these representations and the reliance placed upon them by the plaintiffs and their public adjuster that negotiations about the loss were extended beyond the 60-day period required for filing a sworn proof of loss.

The adjustment of loss involved was for $6,680.09. The companies involved under the terms of the policies in question were to divide the loss on a pro rata basis. A proof of loss was prepared, after the 60-day period required for filing a sworn proof of loss, signed by the plaintiffs and submitted to each insurance company.

The Insurance Company of North America paid its pro rata share but Washington Mutual Company refused payment on the grounds that the insurance policy had been cancelled prior to the loss; that it had not received proof of loss within the 60-day provision of the policy; and that General had no authority to act as an adjuster for Washington Mutual.

Subsequently, the plaintiffs brought an action against both insurance companies and General as their common agent. Prior to trial the plaintiffs discontinued their claim against Washington Mutual Insurance Company, conceding that the company had effectuated a valid cancellation of their policy prior to the loss.

At trial, the Insurance Company of North America was granted a directed verdict of no cause of action, upon the court's finding that no valid cancellation of Washington Mutual's policy at the time of the loss had been effected; and because the Insurance Company of North America had already paid its pro rata share, it had no further liability to the plaintiffs. No appeal was taken from that order.

As to General, the trial court found that its representations, though innocent, were in fact false, detrimental to the plaintiffs, and hence actionable. General was found liable to the plaintiffs in the amount of $3,215.05.

In its first assignment of error, and the only one we treat for we find it dispositive of the appeal, General attacks the trial court's finding that an innocent misrepresentation is actionable in spite of the fact that General "did not actually profit" as a result of the misrepresentation.

It is extremely difficult to ascertain from this record the role played by the Davis-Grant agency, but in deciding this issue we must assume that the agency did not properly retain General to act in behalf of the companies involved.

This State takes a minority position when dealing with the area of innocent misrepresentation. The Michigan rule is stated in 23 Am Jur, Fraud and Deceit, § 120, p 908, as follows:

"In some jurisdictions the rule is broadly stated that intent to deceive is not a necessary element of an action at law for fraud to recover damages. This is a minority view. The minority rule is followed in one state in a slightly more specific formulation; and it is held that where an action is brought to recover for false and fraudulent misrepresentations made by one party to another in a transaction between them, any representations which are false in fact and actually deceive the other and are relied on by him to his damage are actionable, irrespective of whether the person making them acted in good faith in making them, *where the loss of the party deceived inures to the benefit of the other.*" (Emphasis supplied.)

See *Rosenberg* v. *Cyrowski* (1924), 227 Mich 508; *Aldrich* v. *Scribner* (1908), 154 Mich 23; *Strand* v. *Librascope, Incorporated* (ED Mich SD, 1961), 197 F Supp 743; *Dykema* v. *Muskegon Piston Ring Company* (1957), 348 Mich 129.

The plaintiffs cite cases to support their claim that a benefit to the party making the misrepresentation need not be present to uphold the injured party's right to recovery. All of the cited cases dealt with intentional fraud, however, we do not find them helpful authority here, where any misrepresentation made was admittedly unintentional. Whatever the rule may be elsewhere, Michigan requires a benefit to inure to the person making an innocent misrepresentation in order to render him liable to a party relying on it to his detriment.

The trial judge found that General had billed Washington Mutual for adjustment services but it had not been established that General had been paid. The fact that General has an ostensible claim against Washington Mutual might be considered a benefit,

but it is not such a benefit as is contemplated under the rule.

Reversed, costs to appellant.

T. G. Kavanagh, J., concurred with Lesinski, C. J.

J. H. Gillis, J. (*concurring*). I concur in the result arrived at by my colleagues, but I prefer to plant my reversal solely on the following:

On April 12, 1966, plaintiffs, by their attorneys, filed the following discontinuance:

"Now come the plaintiffs by their attorneys, Weiss & Bacalis, and herewith discontinue any claim against the Washington Mutual Insurance Company for the reason that plaintiffs now recognize that the defendant, Washington Mutual Insurance Company, has effected a valid cancellation of its policy number 105014 and that said policy was not in full force and effect when the plaintiffs sustained their casualty loss on December the 9th, 1963."

Notwithstanding the discontinuance which was a matter of record and called to the attention of the court, a written opinion was filed in which the court gave judgment for plaintiffs against General Adjustment Bureau. In the opinion the court stated:

"Everyone acted on the assumption that the Washington Mutual Insurance policy was in full force and effect and the *error* was not discovered until after the aforementioned events." (Emphasis supplied.)

Inasmuch as the plaintiffs' policy was canceled at the time of the loss, they cannot complain and, in fact, should have known that any "innocent misrepresentation" by General Adjustment was not detrimental to plaintiffs.

For the above reasons I join in the reversal.