In re Brian James LIVINGSTON and
Joan Elizabeth Livingston,
Debtors,

Transnation Title Insurance Company,
for itself and as Subrogee of Janet
and Martin Mulloy and Dean Living-
ston and Caren Okins, Appellee,

v.

Brian James Livingston and Joan
Elizabeth Livingston,
Appellants.

Bankruptcy No. 05–81276.
Civil No. 07–12359.

United States District Court,
E.D. Michigan,
Southern Division.

March 19, 2008.

See also: 2004 WL 203075.

Leon N. Mayer, Bloomfield Hills, MI, for Debtors. Thomas W. Elkins, White Lake, MI, for Appellants.

Kellie Blair, Garan Lucow, Troy, MI, Robert D. Goldstein, Garan Lucow, Grand Blanc, MI, for Appellee.

### *OPINION AND ORDER AFFIRMING THE MAY 22, 2007, ORDER OF THE BANKRUPTCY COURT*

MARIANNE O. BATTANI, District Judge.

## I. INTRODUCTION

Before the Court is Brian and Joan Livingston's September 7, 2007, appeal of an order issued by the Bankruptcy Court for the Eastern District of Michigan, Southern Division (Doc. # 9). The Livingstons ("Appellants") are appealing a May 22, 2007, ruling by the Bankruptcy Court that applied collateral estoppel effect to an earlier state court judgment and declared Appellants' debt non-dischargeable, granting summary judgment to Transnation Title Insurance Company ("Appellees"). Appellants contend that the Bankruptcy Court erred in applying collateral estoppel because (1) the state court judgment of fraud did not meet all the elements for non-dischargeability, (2) the state court judgment was based on more than one ground for decision, and therefore the finding of fraud was not necessary to the disposition of the case, and (3) the state court judg-

ment did not go to whether Joan Livingston acted fraudulently, and therefore the judgment should not be applied to her. For the foregoing reasons, the Court **AFFIRMS** the Bankruptcy Court's opinion.

## II. STATEMENT OF FACTS

The Livingstons owned two properties in Michigan, mortgaged each twice, and sold the properties in 1999 and 2000. Transnation Title Insurance Company ("Transnation"), the ultimate holder of the second mortgage on both properties, sued the Livingstons in Wayne County Circuit Court in June 2001, seeking payment of their mortgages. The suit alleged Breach of Contract, Innocent Misrepresentation, Fraud (Intentional Misrepresentation), and Unjust Enrichment. The Livingstons defended the charges, and were deposed in connection with the suit. Transnation filed a motion for summary disposition on all counts, the Livingstons challenged the motion and filed affidavits in support of their response, and the Circuit Court held a hearing on the motion. After the hearing, the Circuit Court issued a spare judgment on August 9, 2002, granting summary disposition in favor of Transnation's complaint in its entirety.[1]

The Livingstons appealed the decision to the Michigan Court of Appeals. In a February 3, 2004, opinion the Michigan Court of Appeals affirmed the judgment of the Circuit Court, ruling that the Livingstons "have not met their burden of demonstrating that a genuine issue of material fact exists regarding fraud." *Transnation Title Insurance v. Livingston*, 2004 WL 203075, *1 (Mich.Ct.App.2004). The Court of Appeals ruled that the Circuit Court had erred by finding for Transnation on both fraud and innocent misrepresentation, as these were "alternative theories of lia-

bility," but ruled that the mistake was harmless error. *Id.* at *2. The Court of Appeals similarly found that the Circuit Court should not have found for Transnation on both breach of contract and unjust enrichment, as these were also alternative theories of liability which were inconsistent with one another, but again ruled that this was harmless error as there was no separate damage recovery for each claim. *Id.* at *4. The Court of Appeals rejected the Livingstons' various arguments against finding Joan Livingston culpable, and affirmed the dismissal of the Livingstons' counterclaims of defamation and slander. *Id.* at *3–4. Ultimately, the Michigan Court of Appeals affirmed the Circuit Court judgment without remand, and the Livingstons did not appeal.

On October 13, 2005, the Livingstons filed for bankruptcy under Chapter 7. On March 24, 2006, Transnation sought to have the Bankruptcy Court declare that the Livingstons' mortgage debt was non-dischargeable under 11 U.S.C. § 523(a)(2)(A) ("a discharge under [Chapter 7] does not discharge an individual debtor from any debt ... for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by ... false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition"). After discovery, Transnation filed a motion for summary judgment, arguing in pertinent part that all the elements of § 523(a)(2)(A) were met by the state court judgment, and collateral estoppel prohibits the Livingstons from re-litigating these issues.

The Bankruptcy Court found that the state court judgment did have preclusive effect as to the issue of fraud. *In re*

---

1. The one-page judgment says only that the Circuit Court has granted summary disposi-

tion on Transnation's complaint "in its entirety" and outlines the amount of the judgment.

*Livingston,* 368 B.R. 610 (Bankr.E.D.Mich. 2007). It found that "the elements of fraud claim under Michigan law are virtually identical to the elements necessary to determine non-dischargeability under § 523(a)(2)(A)," and therefore collateral estoppel would apply to a determination of fraud in a prior ruling. *Id.* at 617. As to whether the state court judgment was "necessary" given the multiple alternative theories, the Court considered the Michigan Supreme Court's logic that collateral estoppel "is a flexible judge-made rule generally said to have three purposes: [t]o relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Id.* (quoting *City of Detroit v. Qualls,* 434 Mich. 340, 454 N.W.2d 374, 382 n. 30 (1990)). The Bankruptcy Court, borrowing the Third Circuit's examination of the question in *Jean Alexander Cosmetics v. L'Oreal USA,* then concluded that "a determination that is independently sufficient to support a court's judgment is not incidental, collateral, or immaterial to that judgment, and it is reasonable to expect that such a finding is the product of careful judicial reasoning." *In re Livingston,* 368 B.R. at 621 (quoting *Jean Alexander Cosmetics v. L'Oreal USA,* 458 F.3d 244, 254 (3rd Cir.2006)). The Bankruptcy Court found that because all the elements of collateral estoppel were present, the Livingstons were precluded from re-litigating the issue of fraud, and granted Transnation's motion for summary judgment. *Id.* at 623.

The Livingstons raise the following issues on appeal from the Bankruptcy Court's decision:

I. Whether the state court's determination of the issue of fraud can be used to preclude a re-litigation of fraud under § 523(a)(2);

II. Whether the state court's decision, which granted judgment on both fraud and innocent misrepresentation, necessarily determined fraud on the part of Appellants;

III. Whether the state court judgment properly applies to Joan Livingston when she claims that she was ignorant as to her husband's actions.

## III. STANDARD OF REVIEW

In bankruptcy cases, the district court is required to review the bankruptcy court's legal conclusions *de novo* and review factual questions on a clearly erroneous standard. *In re Burns,* 322 F.3d 421, 425 (6th Cir.2003).

## IV. ANALYSIS

"[W]here all the requirements of collateral estoppel are met, collateral estoppel should preclude relitigation of factual issues." *Spilman v. Harley,* 656 F.2d 224, 227–28 (6th Cir.1981) (authorizing the use of collateral estoppel in bankruptcy proceedings). "In determining the [collateral] effect of state judgments ... a federal court [must] accept the rules chosen by the State from which the judgment is taken." *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 380, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). In Michigan, "for collateral estoppel to apply, three elements must be satisfied: (1) a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment; (2) the same parties must have had a full and fair opportunity to litigate the issue; and (3) there must be mutuality of estoppel." *Monat v. State Farm Ins.,* 469 Mich. 679, 677 N.W.2d 843, 845–6 (2004) (quotations omitted). In the present case, the judgment was valid and final; the parties had and took advantage of an opportunity to litigate the issue; and there is mutuality of estoppel. The only questions are whether the issue of fraud was "deter-

mined" for the purposes of the subsequent suit and whether it was "essential to the judgment."

### A. "Determined": Actual Determination of Fraud

■ The Bankruptcy Court found that the state court judgment of fraud necessarily determined fraud under the non-dischargeability statute, even though the language of the state court cause of action and the statute are not identical. Appellants challenge this determination, arguing that where the standards differ, no preclusive effect should be given.

■ To except a debt from discharge for false pretenses, false representation, or actual fraud under 11 U.S.C. § 523(a)(2)(A), a creditor must prove, by a preponderance of the evidence, the following elements: "(1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss." *Rembert v. AT & T Universal Card Services (In re Rembert)*, 141 F.3d 277, 280–81 (6th Cir.1998); *Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). The elements of fraud under Michigan law are: (1) that the charged party made a material representation; (2) that it was false; (3) that when he or she made it he or she knew it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he or she made it with the intention that it should be acted upon by the other party; (5) that the other party

acted in reliance upon it; and (6) that the other party thereby suffered injury. *City of Novi v. Robert Adell Children's Funded Trust*, 473 Mich. 242, 701 N.W.2d 144, 152 n. 8 (2005).

The Court finds these elements to be almost completely identical, and bankruptcy courts in Michigan agree. *Robinson v. Callender (In re Callender)*, 212 B.R. 276, 281 (Bankr.W.D.Mich.1997); *Building Communications, v. Rahaim (In re Rahaim)*, 324 B.R. 29, 36 (Bankr.E.D.Mich. 2005).[2] Other federal and bankruptcy courts "have generally interpreted § 523(a)(2)(A) to require the traditional elements of common law fraud." *In re Williams*, 282 B.R. 267, 271 (Bankr. N.D.Ga.2002); *see also Gattalaro v. Pulver (In re Pulver)*, 327 B.R. 125, 133–34 (Bankr.W.D.N.Y.2005); *City Bank & Trust v. Vann (In re Vann)*, 67 F.3d 277, 281 n. 5 (11th Cir.1995). As such, the Court finds that a state court judgment of fraud is sufficient as a determination of actual fraud under § 523(a)(2)(A), and therefore rejects this part of Appellants' appeal.

### B. "Essential": The Grounds for the Decision

■ The Bankruptcy Court found that the state court judgment of fraud was essential to the judgment, even though the trial court had found for Appellees on both fraud and innocent misrepresentation grounds. The Sixth Circuit "has not decided whether alternative grounds for a judgment are each 'necessary to the outcome' for the purposes of issue preclusion in a subsequent case involving only one of the grounds." *National Satellite Sports v. Eliadis*, 253 F.3d 900, 910 (6th Cir.2001). It determined, however, that where "one

**2.** *McHenry v. Ward,* the case cited by plaintiff in opposition to this view, analyzes the application of securities law fraud (not common law fraud) to § 523(a)(2)(A), and involves both a different standard ("preponderance of the evidence" versus "clear and convincing") and a different scienter requirement than the common law fraud at issue in this case. *McHenry v. Ward (In re Ward)*, 1988 U.S. Dist. LEXIS 18131 (Bankr.W.D. Mich.1988).

ground for the decision is clearly primary and the other only secondary, the secondary ground is not 'necessary to the outcome' for the purposes of issue preclusion." *Id.* It is thus necessary to evaluate the two theories of culpability in this case—fraud and innocent misrepresentation—to determine which is primary and which is secondary.[3]

Plaintiff claims that "the type of fraud envisioned by the Court of Appeals could not have included intent to defraud, for such an intent precludes 'innocent misrepresentation.'" Plaintiff's Reply Brief, at 6. This is mistaken.[4] The Court of Appeals specifically found that the evidence presented on the claim of fraud, which must be "established by clear and convincing evidence," was sufficient. *Transnation* at *1. "The retention and expenditure of monies by defendants that should have been used to discharge the second mortgage, coupled with defendants' unpersuasive argument that they were uninformed or mistaken regarding their own financial obligations, are sufficient to establish fraud." *Id.* The Court of Appeals therefore found that Appellees had provided "clear and convincing evidence" of fraud, and further found that Appellants had "not met their burden of demonstrating that a genuine issue of material fact exists regarding fraud." *Id.* The Court of Appeals decision, in contrast to Appellants' claims, specifically affirmed the finding of fraud. The trial

court's error—"finding in favor of plaintiff on both the fraud and innocent misrepresentation claims"—was in erroneously including the innocent misrepresentation charge; this error was harmless, however, because "the court did not provide for separate damage recover under both theories," and the trial court's conclusion was not reversed. *Id.* at *2.

It is apparent that the finding of fraud, as explicitly affirmed by the Court of Appeals, was the "clearly primary" ground for the decision, and the alternative theory of innocent misrepresentation was "only secondary." *Eliadis,* 253 F.3d at 910. Therefore, the finding of fraud was "necessary to the outcome" of the case, and the Bankruptcy Court properly gave it preclusive effect. The Court therefore rejects this issue for appeal.

### C. Joan Livingston

Appellants claim that the state court judgments failed to establish fraud as to Joan Livingston because the Court of Appeals, in rejecting her "ignorance of the law" defense, somehow validated her claims of ignorance (and, in Appellants' minds, thereby contradicted the scienter requirement of fraud). This is a clear misrepresentation of the Court of Appeals opinion which (1) never accepted that Joan Livingston was ignorant of her actions, and (2) clearly stated that Defendants presented "unpersuasive arguments that they were uninformed or mistaken regarding

---

**3.** The elements of fraud are: (1) that the charged party made a material representation; (2) that it was false; (3) that when he or she made it he or she knew it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he or she made it with the intention that it should be acted upon by the other party; (5) that the other party acted in reliance upon it; and (6) that the other party thereby suffered injury. *City of Novi v. Robert Adell Children's Funded Trust,* 473 Mich. 242, 701 N.W.2d 144, 152 n. 8 (2005).

Innocent misrepresentation entails "misrepresentations made by one party to another (1) in a transaction between them, (2) which are false in fact, (3) and actually deceive the other (4) are relied on by him to his damage ... [and] (5) where the loss of the party deceived inures to the benefit of the other." *Phillips v. Gen. Adjustment Bureau,* 12 Mich. App. 16, 162 N.W.2d 301, 302 (1968).

**4.** Also mistaken: Plaintiff's habit of characterizing each Court of Appeals determination that it disagrees with as "dicta."

their own financial obligations." *Transnation*, at \*1. The Court of Appeals affirmed the Circuit Court's judgment that the Defendants were, in layman's terms, lying. Both Brian and Joan Livingston were parties in the state court action, and the judgment of fraud in that case applies equally to them both. *Id.* ("Defendants have not met their burden of demonstrating that a genuine issue of material fact exists regarding fraud"). Any attempt to suggest that the preclusive effect of the state court judgment does not apply to one or the other is misguided. The Court rejects this ground for appeal, as well.

## V. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the Bankruptcy Court's order of May 22, 2007, be and is hereby **AFFIRMED.**

**IT IS SO ORDERED.**